660 P.2d 619

Fredrico PEREZ, as Personal Representative of the Estate of Dolores G. Perez, a/k/a Dolores G. Rocha, Plaintiff-Appellant,

v.

Dr. R.E. BRUBAKER, Defendant-Appellee,

and

Dr. Arthur Llewelyn and Eastern Valencia County Hospital, Defendants.

No. 5977.

Court of Appeals of New Mexico.

March 1, 1983.

Melvin L. Robins, Melvin L. Robins, P.C., Albuquerque, for plaintiff-appellant.

Joseph E. Roehl, Mark B. Thompson, III, Modrall, Sperling, Roehl, Harris & Sisk, P.A., Albuquerque, for defendant-appellee.

## OPINION

HENDLEY, Judge.

Plaintiff appeals the granting of a summary judgment in favor of defendant and an order dismissing plaintiff's complaint with prejudice. The only issue we need address relates to the New Mexico Medical Malpractice Act, § 41–5–1 et seq., N.M.S.A. 1978 (1982 Repl.Pamph.), and more particularly, §§ 41–5–14(D) and –15(A), which relate to when an action may be filed against a "qualifying health care provider." Those subsections state:

**41–5–14. Medical review commission.**

. . . .

D. An attorney shall submit a case for the consideration of a panel, prior to filing a complaint in any district court or other court sitting in New Mexico, by addressing an application, in writing, signed by the patient or his attorney, to the director of the medical review commission.

**41–5–15. Commission decision required; application.**

A. No malpractice action may be filed in any court against a qualifying health care provider before application is made to the medical review commission and its decision is rendered.

A brief factual and procedural history dealing only with matters pertinent to the appeal is necessary. Decedent entered Eastern Valencia County Hospital and on November 28, 1981, delivered a child. Dr. Llewelyn had been employed to attend her in the birth. In the process of the birth, decedent developed severe hemorrhaging and Dr. Llewelyn called in Dr. Brubaker to assist. Subsequently, decedent was transferred to Albuquerque and died shortly thereafter.

Plaintiff filed a complaint on December 10, 1981, against Dr. Brubaker, Dr. Llewel-yn and Eastern Valencia County Hospital. Dr. Brubaker, through his attorney, filed an answer on January 12, 1982, and in his "Fourteenth Defense" stated "that he should be entitled to the full protection of the New Mexico Medical Malpractice Act and this lawsuit against him should be dismissed unless and until the plaintiff has complied with the conditions precedent to the filing of a lawsuit under the Medical Malpractice Act." Dr. Llewelyn filed a motion to dismiss on February 2, 1982, and an affidavit of the Superintendent of Insurance of New Mexico on February 25, 1982, that he was covered by the Medical Malpractice Act during the time decedent was under his care.

On April 2, 1982, an order of dismissal was entered dismissing without prejudice plaintiff's complaint against Dr. Llewelyn because he was a qualified health care provider. On June 15, 1982, an order reinstating plaintiff's complaint against Dr. Llewelyn was entered based on plaintiff's motion that he had complied with the Medical Malpractice Act by submitting the claim to the commission which had rendered a decision.

On July 26, 1982, Dr. Brubaker filed a motion for summary judgment with attached certificate of the New Mexico Superintendent of Insurance certifying that he was a qualified health care provider, together with an affidavit of Dr. Brubaker regarding his relationship with decedent. On August 23, 1982, plaintiff filed a "Motion to Deny Summary Judgment and Motion to Dismiss Complaint Against Dr. Brubaker Without Prejudice." On September 7, 1982, the trial court entered an order granting Dr. Brubaker's motion for summary judgment and dismissing plaintiff's complaint with prejudice.

We reverse.

The essentials for jurisdiction are set forth in *Heckathorn v. Heckathorn,* 77 N.M. 369, 423 P.2d 410 (1967): "There are three jurisdictional essentials necessary to the validity of every judgment: jurisdiction of parties, jurisdiction of subject matter and power or authority to decide the particular matter presented."

Defendant contends that it is error to characterize the above quoted statute sections as limiting the jurisdiction of the district courts. He argues that failure to comply with these sections is, in fact, a complete bar to recovery by the plaintiff. His argument is that the right and remedy under statutory causes of action, such as this, are exclusive; §§ 41–5–14(D) and 41–5–15(A) are conditions precedent to bringing an action under the Act; plaintiff did not comply with the conditions precedent; thus, he is barred from recovery.

To reach this result, defendant asks us to analogize to workmen's compensation cases where recovery was barred for failure to comply with conditions precedent. The cases he asks us to compare with his reasoning are: *Roberson v. Powell,* 78 N.M. 69, 428 P.2d 471 (1967), and *State v. Larrazolo,* 70 N.M. 475, 375 P.2d 118 (1962).

In *Roberson,* the Supreme Court was dealing with the notice section of the Workmen's Compensation Act. The court held that failure to give notice of injury within the statutory time limit was a bar to recovery. Likewise, *Larrazolo* dealt partially with a failure to give notice of injury which would bar recovery. Both of these cases and other cases cited by defendant deal with a bar to recovery analysis.

In the instant case, we are not dealing with a bar to recovery, rather we are dealing with a jurisdictional prerequisite to the filing of the action. The language of the statute is clear. The jurisdictional prerequisite is that there must be application made to the medical review commission and its decision on the application before the action can be filed in the trial court. In other words, the trial court only had authority to determine if it had the power to act on the merits. Here, the trial court did not have power to act on the merits of the case unless there was an application to and a decision by the medical review commission. This is the jurisdictional prerequisite. Any rulings regarding the merits are a nullity absent this jurisdictional prerequisite. Accordingly, it was improper to grant defendant's motion for summary judgment and to dismiss plaintiff's complaint with prejudice. *See Campos v. Brown Construction Company,* 85 N.M. 684, 515 P.2d 1288 (Ct.App.1973).

The cause is remanded to the trial court to dismiss plaintiff's complaint *without* prejudice. Plaintiff is awarded costs.

IT IS SO ORDERED.

LOPEZ and NEAL, JJ., concur.