41 P.3d 914 (2001)
131 N.M. 633
2002-NMCA-023
Kelly RUPP, Plaintiff-Appellant,
v.
Lloyd HURLEY, M.D., Sidney Schultz, M.D., Defendants-Appellees.
No. 21,147.
Court of Appeals of New Mexico.
December 10, 2001.
Certiorari Denied February 26, 2002.
*915 Stevan J. Schoen, Stevan J. Schoen, P.A., Albuquerque, NM, for Appellant.
Michael S. Jahner, Butkus & Jahner, P.C., Michael J. Dekleva, Madison, Harbour, Mroz & Brennan, P.A., Albuquerque, NM, for Appellees.
Certiorari Denied, No. 27,338, February 26, 2002.

OPINION
FRY, Judge.
{1} In this case, consistent with New Mexico Supreme Court precedent, we hold that under NMSA 1978, § 41-5-15 (1977) of the Medical Malpractice Act (MMA), a decision by the Medical Review Commission (MRC) is not a jurisdictional prerequisite to the filing of a complaint in court against a qualified health care provider for medical malpractice. Consequently, the initial complaint in this case was not a nullity even though it was filed early. We therefore reverse summary judgment in favor of Defendants and remand for reinstatement of Plaintiff's claims.

BACKGROUND
{2} On June 18, 1991, Drs. Lloyd Hurley and Sidney Schultz (Defendants), performed hip replacement surgery on 28-year-old Kelly Rupp (Plaintiff). During the surgery, Plaintiff's femur was fractured. Defendants repaired the fracture with a blade plate which was later alleged to be approved only for veterinary, rather than human, use. About a month after the surgery, the blade plate broke and caused Plaintiff's femur to refracture. Defendants performed surgery to remove the plate and reduce the fracture. Plaintiff filed a medical malpractice action which is before us now on her appeal from an order dismissing her claims with prejudice on statute of limitations grounds.
{3} The procedural history of this case is long and complex. In the following summary, we include the specific dates of various events because the dates are critical to an understanding of the parties' claims.
{4} Plaintiff filed her original complaint on June 16, 1994, two days before the expiration of the MMA's statute of limitations. See NMSA 1978, § 41-5-13 (1976) (providing three years from date of alleged malpractice within which to bring a claim). The complaint asserted multiple causes of action against Defendants, who are "qualified health care providers" under the MMA, see NMSA 1978, § 41-5-5(A) (1992), against certain non-qualified health care providers, and against the alleged manufacturers of the blade plate. In addition to her claims against Defendants for medical negligence, Plaintiff's complaint included claims against Defendants that fell outside the purview of the MMA, such as claims for breach of contract and fiduciary duty and for negligent infliction of emotional distress.
{5} On the same day Plaintiff filed her original complaint, she filed an application with the MRC pursuant to NMSA 1978, § 41-5-15 (1976). During the time Plaintiff's *916 application was pending with the MRC, Plaintiff did not serve Defendants and there was no activity in her case in district court. The MRC met on November 3, 1994, and issued a decision in favor of Defendants on November 4, 1994.
{6} After the MRC issued its decision, Plaintiff filed an amended complaint on January 6, 1995, substituting the correct manufacturer and adding minor details to her allegations against the manufacturer and Defendants. The first amended complaint also added causes of action against Defendants for fraudulent concealment and lack of informed consent. Plaintiff served Defendants with the first amended complaint on May 15, 1995, nearly a year after the date she filed her original complaint. Plaintiff never served Defendants with the original complaint.
{7} The parties engaged in several years of litigation during which Defendants sought dismissal on numerous grounds. However, it was not until four years after being served that Defendants argued that the statute of limitations barred Plaintiff's claims. In support of their motion for summary judgment, Defendants made a two-part argument. First, Defendants argued that filing an application with the MRC is a jurisdictional prerequisite that must be observed before filing a malpractice action against any qualified health care provider in any court in this state. Therefore, they argued, because Plaintiff filed her MRC application and her complaint at the same time, her original complaint was void. Second, Defendants argued that, even if the first amended complaint would have been valid because it was filed after the MRC issued its decision, it was filed after the statute of limitations expired. Therefore, they contended that, pursuant to Rule 1-015 NMRA 2001, the first amended complaint was valid only if it related back to the filing of the original complaint. They argued that the amended complaint could not relate back because the original complaint was void.
{8} The district court granted Defendants' motion for summary judgment without entering any findings of fact or conclusions of law. Plaintiff now appeals.

DISCUSSION

Standard of Review
{9} We review a grant of summary judgment de novo. Hasse Contracting Co. v. KBK Fin., Inc., 1999-NMSC-023, ¶ 9, 127 N.M. 316, 980 P.2d 641 (1999). We view the record in the light most favorable to the party opposing summary judgment. Blackwood & Nichols Co. v. N.M. Taxation & Revenue Dep't., 1998-NMCA-113, ¶ 5, 125 N.M. 576, 964 P.2d 137. Because the parties do not dispute the facts, we determine whether the district court properly decided the legal effect of those facts. Bd. of Comm'rs of Rio Arriba County v. Greacen, 2000-NMSC-016, ¶ 3, 129 N.M. 177, 3 P.3d 672.

Compliance With Section 41-5-15 of the Medical Malpractice Act is Not Jurisdictional
{10} Section 41-5-15 of the MMA states that "[n]o malpractice action may be filed in any court against a qualifying health care provider before application is made to the medical review commission and its decision is rendered." Defendants interpret this statute to mean that receiving a decision from the MRC is a jurisdictional prerequisite to filing a medical malpractice complaint in district court. As authority for their position, Defendants rely primarily on the following language from Perez v. Brubaker, 99 N.M. 529, 531, 660 P.2d 619, 621 (Ct.App. 1983):
The language of the statute is clear. The jurisdictional prerequisite is that there must be application made to the medical review commission and its decision on the application before the action can be filed in the trial court.... Any rulings regarding the merits are a nullity absent this jurisdictional prerequisite.
Although this language appears to support Defendants' position, other opinions from the New Mexico Supreme Court clarify that Section 41-5-15 is a procedural precondition rather than a jurisdictional prerequisite.
{11} Before considering these other opinions, it is helpful to understand the relationship between the MMA's requirement for a preliminary application to the MRC and its *917 statute of limitations, because it is this relationship that gave rise to this appeal. The MMA allows a claimant three years from the date of the act of malpractice within which to bring a claim. Section 41-5-13. The limitation period may be tolled pursuant to NMSA 1978, Section 41-5-22 (1976) which provides that "[t]he running of the applicable limitation period in a malpractice claim shall be tolled upon submission of the case for the consideration of the [MRC] panel and shall not commence to run again until thirty days after the panel's final decision is entered in the permanent files of the commission and a copy is served upon the claimant and his attorney by certified mail." Section 41-5-22.
{12} In the present case, the limitations period would have expired on June 18, 1994, three years from the date of Defendants' alleged malpractice. Plaintiff filed both her district court complaint and her MRC application on June 16, 1994. Had she submitted only her MRC application on that date as required by Section 41-5-15, the submission would have tolled the limitations period on her malpractice claims, and she would have had thirty days from service of the MRC's November 4 decision, plus three days for mailing,[1] or until December 7, 1994, by which to file her malpractice claims in court. She would have had an additional two days for filing due to the two days remaining in the limitations period when she filed her MRC application, or until December 9, 1994. However, because Plaintiff filed her complaint before the MRC rendered its decision, if that fact somehow rendered her complaint void, then the critical date for limitations purposes is the date she filed her first amended complaint, which was January 6, 1995.
{13} We now turn to the Supreme Court opinions establishing that Section 41-5-15 is not jurisdictional and, therefore, that Plaintiff's original complaint is not void. The Court filed Jiron v. Mahlab, 99 N.M. 425, 659 P.2d 311 (1983), a week before Perez. While Jiron did not directly address the question, its holding suggests that an MRC decision is not a jurisdictional prerequisite to the filing of an action in district court. Jiron held that enforcement of the literal requirements of Section 41-5-15 under the particular circumstances of the case "unconstitutionally deprive[d] [plaintiffs] of their due process right of access to the courts without delay." Id. at 428, 659 P.2d at 314. In that case, the plaintiffs filed their complaint in district court and served the defendant physician before they filed their application with the MRC because the defendant was leaving the country indefinitely, and the plaintiffs feared they would not be able to serve him if they waited for the MRC decision. Id. at 426, 659 P.2d at 312. Because strict compliance with Section 41-5-15 would cause undue delay that could result in loss of their claim against the defendant, the Court reversed the district court's dismissal for lack of subject matter jurisdiction. Id. at 427-28, 659 P.2d at 313-14.
{14} Two years after Perez and Jiron, the Supreme Court clarified that an early filing of a medical malpractice action, though improper, would not be a nullity. Otero v. Zouhar, 102 N.M. 482, 486, 697 P.2d 482, 486 (1985). In that case, four days before the limitations period would have expired, the plaintiff sued a qualified health care provider physician and two defendants he believed to be non-qualified health care providers "in order to observe the joinder requirement [of Rule 1-019 NMRA 2001] and to preserve his cause of action against the non-qualified parties before the statute ran." Id. at 484, 697 P.2d at 484. He mailed his application to the MRC three days later, and the district court granted his motion to stay the proceedings until the MRC acted. Id. The defendant physician argued that an MRC application was a jurisdictional prerequisite to the plaintiff filing his complaint in district court, but the district court disagreed and denied the defendant's motion to dismiss. Id.
{15} On the defendant's appeal, the Supreme Court noted that the district court's stay was technically erroneous because a strict reading of Section 41-5-15 would have required the district court to dismiss the plaintiff's complaint without prejudice to allow the MRC to consider the plaintiff's application. *918 The tolling provisions of the MMA's statute of limitations would have then permitted the plaintiff to refile his complaint after the MRC rendered its decision. Id. However, the Supreme Court decided it would be unjust for it to strictly apply Section 41-5-15 by ordering the district court to dismiss the complaint on remand because the thirty-day tolling period had long since passed, and "[s]uch `Catch-22's' are procedural anomalies that do not deserve perpetuation." Otero at 485, 697 P.2d at 485.
{16} As a separate ground for its decision in Otero, the Supreme Court made clear that the MMA did not and could not control or affect the subject matter jurisdiction of the district courts and did not impinge on procedure in the courts. The court stated:
Additionally, we once again affirm our exclusive constitutional power under N.M. Const. art. III, § 1 and art. VI, § 3 to regulate all pleading, practice and procedure affecting the judicial branch of government. State v. McBride, 88 N.M. 244, 539 P.2d 1006 (1975). Clearly, the district courts have jurisdiction to hear tort actions and to grant relief. N.M. Const. art. VI, § 13; NMSA 1978, § 37-1-7. The statutory provision that claimants against health care providers first submit their claims to the commission before filing suit is a purely procedural requirement and cannot, therefore, be deemed binding.
Otero, 102 N.M. at 486, 697 P.2d at 486. This language teaches us that submitting an application to the MRC is not a jurisdictional prerequisite to filing a medical malpractice complaint in district court. If the requirement were jurisdictional, then none of the circumstances present in Jiron and Otero could have served to confer jurisdiction. Jurisdiction either exists or it does not. Govich v. N. Am. Sys., Inc., 112 N.M. 226, 230, 814 P.2d 94, 98 (1991) (noting that courts "strictly adhere to jurisdictional subject matter limits"). If there is not a subject matter jurisdiction defect in filing a medical malpractice complaint against a qualified health care provider early, the complaint is not a nullity, and it is not void.
{17} In light of this New Mexico precedent, we reject Defendants' argument analogizing claims under the MMA to federal law requiring exhaustion of administrative remedies as a jurisdictional prerequisite to filing suit in court. Our Supreme Court has established that the early filing of a medical malpractice complaint has no impact on the district courts' subject matter jurisdiction.
{18} Defendants conceded at oral argument that, if the original complaint is not void, and if the requirements of Rule 1-015(C) NMRA 2001 are met, the first amended complaint would relate back to the date Plaintiff filed her original complaint. Rule 1-015(C) provides that "[w]henever the claim or defense asserted in the amended pleading arose out of the conduct, transaction or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading." Defendants argue that relation back could not occur because they had no notice of the original complaint. We disagree. Rule 1-015(C) requires notice only when the amendment seeks to change the party being sued. Rule 1-015(C) ("An amendment changing the party against whom a claim is asserted relates back if ... within the period provided by law for commencing the action against him, the party to be brought in by amendment: (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense....") Here, Plaintiff's original complaint and her first amended complaint both asserted claims against Defendants, and therefore, the notice requirement did not apply. Because we hold that the premature filing of Plaintiff's original complaint was not a jurisdictional defect, we necessarily reject Defendants' argument that the complaint was a nullity. Consequently, the first amended complaint related back to the date the original complaint was filed, and Plaintiff's claims were filed before the statute of limitations expired.
{19} We also find compelling the absence of prejudice to Defendants. Plaintiff did not serve Defendants  and Defendants did not have to respond to Plaintiff's claims  until after the MRC rendered its decision. For the first four years of active litigation, Defendants did nothing to put forth their theory that the initial complaint was void, and they *919 actually admitted in their answer to the first amended complaint that Plaintiff had complied with the MMA. Defendants are in no worse position now than they would have been if Plaintiff had delayed filing until after the MRC had acted.
{20} Permitting Plaintiff's lawsuit to proceed is not inconsistent with the purposes of the MMA and the MRC screening process. The stated purpose of the Medical MMA is to "promote the health and welfare of the people of New Mexico by making available professional liability insurance for health care providers in New Mexico." NMSA 1978, § 41-5-2 (1976). The two original purposes of the MRC screening process were:
On the one hand, to prevent where possible the filing in Court of actions against physicians and their employees for professional malpractice in situations where the facts do not permit at least a reasonable inference thereof; and, on the other hand, to make possible the fair and equitable disposition of such claims against physicians as are, or reasonably may be, well founded [by providing an expert witness].
Ruth L. Kovnat, Medical Malpractice Legislation in New Mexico, 7 N.M.L.R. 5, 35 (1976-77) (Appendix I  Joint Medical-Legal Plan for Screening Medical Negligence Cases). Permitting Plaintiff's lawsuit does not violate either purpose. It is unlikely that waiting for the MRC decision would have deterred Plaintiff from filing her complaint. It is equally obvious that the district court's eventual strict enforcement of Section 41-5-15 did not in any way streamline the disposition of Plaintiff's claims, largely because Defendants did not press the issue until after four long years of zealous litigation.
{21} We emphasize that the necessity for an MRC determination prior to the filing of a medical malpractice claim remains a mandatory procedural threshold that must be crossed in the ordinary case. However, failure to comply with this requirement should not result in evisceration of the plaintiff's cause of action; other less drastic remedies are available. For example, if an early complaint is brought to the attention of the district court prior to the MRC decision, the district court should normally dismiss the complaint without prejudice. In addition, if the plaintiff cannot demonstrate a good faith basis for filing the complaint early, it would be appropriate for the district court to consider Rule 11 sanctions against the plaintiff.

CONCLUSION
{22} We reverse summary judgment in favor of Defendants and remand for reinstatement of Plaintiff's claims.
{23} IT IS SO ORDERED.
WE CONCUR: RICHARD C. BOSSON, Chief Judge, and MICHAEL D. BUSTAMANTE, Judge.
NOTES
[1] In accordance with Saiz v. Barham, 100 N.M. 596, 599-600, 673 P.2d 1329, 1332-33 (Ct.App. 1983), if an MRC decision is served by mail, as it was here, an additional three days for mailing is added to the tolling period.