2005-NMCA-073

114 P.3d 303

**Joanne M. BELSER, Plaintiff–Appellant,**

v.

**Feidhlim O'CLEIREACHAIN, M.D., Defendant–Appellee.**

**No. 24,380.**

Court of Appeals of New Mexico.

March 17, 2005.

Certiorari Denied, No. 29,216, June 6, 2005.

Christal K. Grisham, Albuquerque, for Appellant.

Ruth O. Pregenzer, Jennifer Davis Hall, Miller Stratvert, P.A., Albuquerque, for Appellee.

*OPINION*

WECHSLER, Judge.

{1}  Plaintiff Joanne Belser appeals the district court's order granting the motion of Defendant Dr. Feidhlim O'Cleireachain (Defendant) to lift a stay and dismiss without prejudice Plaintiff's medical malpractice complaint. The court had entered a stipulated order staying the proceedings until thirty days after the Medical Review Commission (MRC) rendered a decision on Plaintiff's

claim. Defendant filed the motion in question after Plaintiff did not file an application with the MRC. Because the statute of limitations had run, the dismissal without prejudice effectively dismissed the case on a permanent basis. We affirm the district court's action on the basis that Plaintiff did not file the application within a reasonable time.

*Factual and Procedural History*

{2} Plaintiff filed her complaint against Defendant and Presbyterian Healthcare Services (Presbyterian) one day before the expiration of the limitations period contained in the Medical Malpractice Act. NMSA 1978, § 41–5–13 (1976) (setting a period of three years from the act of malpractice to bring action under the Act). The complaint alleges, and Defendant admits in his answer, that Defendant had hospital privileges with Presbyterian; thus the Medical Malpractice Act applied. After Defendant's answer, Defendant's attorney suggested a stipulation to stay the proceedings in lieu of a motion to dismiss so that Plaintiff could proceed before the MRC. The court entered an order upon the parties' stipulation that "the proceedings herein shall be stayed until thirty days after the Medical Review Commission renders its decision with regard to plaintiff's claim against [Defendant]." Despite an inquiry by Defendant's attorney approximately two months after the stay Plaintiff did not proceed before the MRC. Defendant filed his motion to lift the stay and dismiss the complaint approximately four months after the stay was granted. Although Defendant's memorandum in support of his motion to dismiss argued the court's lack of subject matter jurisdiction and statute of limitations, the motion and the memorandum set forth the facts relating to Plaintiff's inaction in filing an application with the MRC. Defendant again argued this inaction at the hearing on the motion. The court scheduled a presentment hearing, and Plaintiff filed a motion to vacate the presentment order. The court granted Defendant's motion to dismiss. On appeal, Plaintiff essentially argues, as she did in her motion to vacate the presentment order, that the district court erred (1) in vacating the stay because the stay was based on a contract of the parties that was

not breached, and (2) in dismissing the complaint because a MRC decision was not a necessary predicate for the complaint under *Rupp v. Hurley,* 2002–NMCA–023, 131 N.M. 646, 41 P.3d 914, and because the court should have considered alternatives to dismissal.

*District Court's Authority Over the Stay*

{3} We do not agree with Plaintiff that the parties' contract, if one exists, binds the district court. A district court has control over proceedings before it. Our Supreme Court has held that a district court has the discretion to grant and lift a stay of proceedings. *See Segal v. Goodman,* 115 N.M. 349, 357–58, 851 P.2d 471, 479–80 (1993). Plaintiff would limit *Segal* to its facts: the grant of a presumably opposed motion to stay enforcement of a judgment permitted by Rule 1–062(A) NMRA, which authorizes proceedings to enforce a judgment "unless otherwise ordered by the court." However, Plaintiff's argument ignores the inherent authority of the district court to manage the cases before it. *See State v. Ahasteen,* 1998–NMCA–158, ¶ 28, 126 N.M. 238, 968 P.2d 328 (stating that the district court has the inherent power to control its docket, which is the power to "supervise and control the movement of all cases on its docket from the time of filing through final disposition") (internal quotation marks and citation omitted). The authority to stay proceedings is incidental to the court's inherent management authority. *See Landis v. N. Am. Co.,* 299 U.S. 248, 254, 57 S.Ct. 163, 81 L.Ed. 153 (1936) (stating that "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort"). It does not matter that the stay was initiated by a stipulation. Unless otherwise indicated in the Rules of Civil Procedure, the court, not the parties, controls the movement of cases on its docket within its discretion. *See generally Ahasteen,* 1998–NMCA–158, ¶ 28, 126 N.M. 238, 968 P.2d 328 (noting the inherent authority of the district court to control its docket).

{4} The district court did not abuse its discretion by lifting the stay in this case. As

interpreted by Plaintiff, the stipulated order stayed the district court proceedings indefinitely until she pursued, and the MRC acted upon, her application with the MRC. Indeed, according to Plaintiff, she did not even have an obligation under the stay to file an application with the MRC. This reading of the stipulated order removes from the district court all control of the proceedings before it. The district court could reasonably have construed its own order to avoid such loss of control of its proceedings and to require Plaintiff to have filed an application with the MRC within a reasonable time. The district court acted within its discretionary inherent authority in the control of its cases to require Plaintiff to act within a reasonable period of time to pursue her claim, after Plaintiff had failed to do so.

{5} Plaintiff's reliance on *Ottino v. Ottino*, 2001–NMCA–012, 130 N.M. 168, 21 P.3d 37, is misplaced. In *Ottino*, we concluded that the district court may enforce, as a matter of contract, a post-minority child support agreement entered into by divorcing parties, even though the court did not have the authority to order such support as part of its statutory jurisdiction over divorce matters. *Id.* ¶¶ 14–16. We recognized that the court's ability to enforce a contract is independent from its ability to order child support, so that the court could give recognition to the parties' agreement that exceeded the court's independent authority. *Id.* In this case, however, Plaintiff argues that the district court did not have any authority except to recognize the parties' agreement, as interpreted by Plaintiff. Yet, as we have discussed, the district court had full and independent authority to act on its own with regard to a stay, and the parties invoked this authority by requesting a court order.

*District Court's Authority to Dismiss*

■ {6} Plaintiff additionally argues, relying on *Rupp*, that the district court did not have the authority to dismiss her complaint. The Medical Malpractice Act provides that a medical malpractice action against a health care provider qualifying under the Act may not be filed in court "before application is made to the medical review commission and its decision is rendered." NMSA 1978, § 41–5–15(A) (1976). The plaintiff in *Rupp* had

filed her district court complaint and MRC application two days before the expiration of the statute of limitations under Section 41–5–13. *Rupp*, 2002–NMCA–023, ¶¶ 4–5, 131 N.M. 646, 41 P.3d 914. Following the Supreme Court's opinions in *Otero v. Zouhar*, 102 N.M. 482, 484, 697 P.2d 482, 484 (1985), *overruled in part on other grounds by Grantland v. Lea Regional Hospital*, 110 N.M. 378, 380, 796 P.2d 599, 601 (1990), and *Jiron v. Mahlab*, 99 N.M. 425, 426, 659 P.2d 311, 312 (1983), this Court held that the plaintiff could maintain her lawsuit even though it was filed before there was a MRC decision. *Rupp*, 2002–NMCA–023, ¶¶ 1, 13–16, 131 N.M. 646, 41 P.3d 914. We considered the early-filed complaint to be valid because an application with the MRC "is not a jurisdictional prerequisite to filing a medical malpractice complaint in district court." *Id.* ¶ 16.

{7} Plaintiff bases her argument on dicta in *Rupp* that states:

We emphasize that the necessity for an MRC determination prior to the filing of a medical malpractice claim remains a mandatory procedural threshold that must be crossed in the ordinary case. However, failure to comply with this requirement should not result in evisceration of the plaintiff's cause of action; other less drastic remedies are available. For example, if an early complaint is brought to the attention of the district court prior to the MRC decision, the district court should normally dismiss the complaint without prejudice. In addition, if the plaintiff cannot demonstrate a good faith basis for filing the complaint early, it would be appropriate for the district court to consider Rule 11 sanctions against the plaintiff.

*Id.* ¶ 21. Plaintiff argues that the dismissal was not appropriate because it "eviscerated her cause of action" and did not consider less drastic alternatives. She contends that the district court should have followed the general policy of deciding cases on their merits. *See Universal Constructors, Inc. v. Fielder*, 118 N.M. 657, 659–60, 884 P.2d 813, 815–16 (Ct.App.1994).

{8} Plaintiff's argument distorts *Rupp*. In *Rupp*, the defendants did not raise their argument concerning the time of the filing of the MRC until fours years after the MRC

decision. *Rupp*, 2002–NMCA–023, ¶¶ 7, 19, 131 N.M. 646, 41 P.3d 914. We stressed that the plaintiff's early filing of the complaint did not prejudice the defendants, who were "in no worse position now than they would have been" if the plaintiff had filed her complaint after the MRC decision. *Id.* ¶ 19. In this case, the district court ordered its dismissal when the stay had been in effect for more than eight months. The surgery at issue had occurred more than four years and two months earlier. Defendant argued at the hearing on the motion to dismiss that he was prejudiced by the delay. *Rupp* does not contemplate the type of inaction that occurred in this case.

■ {9} Moreover, the district court dismissed the complaint without prejudice, as proposed in *Rupp. See id.* ¶ 21. After the dismissal without prejudice, Plaintiff was unable to pursue her claim because the statute of limitations had expired. Although the dismissal without prejudice had the final effect of permanently dismissing the case, the district court had already utilized an alternative to dismissal by entering the stay. The district court has the inherent authority, in its discretion, to "dismiss a case for failure to prosecute when it is satisfied that plaintiff has not applied due diligence in the prosecution" of the case. *Prieto v. Home Educ. Livelihood Program*, 94 N.M. 738, 742, 616 P.2d 1123, 1127 (Ct.App.1980). As we have discussed, the stipulation did not give Plaintiff the unbridled discretion to elect when to submit an application to the MRC. Plaintiff did not take any action after the stay to pursue her claim. The district court did not abuse its discretion, or disregard *Rupp*, by dismissing the complaint.

*Conclusion*

{10} The district court did not abuse the discretion entailed within its inherent authority or the requirements of *Rupp* in dismissing this case. We affirm its order.

{11} **IT IS SO ORDERED.**

SUTIN and KENNEDY, JJ., concur.