This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**PATRICIA ROYBAL CABALLERO,**

Petitioner-Appellant,

v.                                                                        **NO. A-1-CA-36773**

**CARLOS VILLANUEVA,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Deborah Davis Walker, District Judge**

Patricia Roybal Caballero
Albuquerque, NM

Pro Se Appellant

Western Agriculture Resource and Business Advocates LLP
A. Blair Dunn
Albuquerque, NM

for Appellee

**MEMORANDUM OPINION**

**VANZI, Chief Judge.**

{1}     Petitioner Patricia Roybal Caballero appeals from the district court's order dismissing her claims alleging the violation of an order of protection. This Court's

calendar notice proposed summary affirmance. Petitioner filed a memorandum in opposition to the proposed disposition. We are not persuaded by Petitioner's arguments and affirm.

{2}    Initially, we note that Petitioner's memorandum in opposition appears to contain information and contentions that were not made a part of the record in the district court. We do not consider facts not presented in the district court. *See Durham v. Guest*, 2009-NMSC-007, ¶ 10, 145 N.M. 694, 204 P.3d 19 (stating that the "reference to facts not before the district court and not in the record is inappropriate and a violation of our Rules of Appellate Procedure"). While we recognize that Petitioner is appearing as a self-represented litigant, "[p]ro se litigants must comply with the rules and orders of the court and will not be treated differently than litigants with counsel." *See Woodhull v. Meinel*, 2009-NMCA-015, ¶ 30, 145 N.M. 533, 202 P.3d 126.

{3}    Petitioner continues to argue that the district court erred in denying her request for an extension of time in order to obtain counsel. [MIO 3-5] This Court's calendar notice proposed to conclude that there was no abuse of discretion by the district court because Petitioner failed to demonstrate prejudice. [CN 2-3] In response, Petitioner asserts that her first motion for continuance was requested several days before the initial August 25, 2017 hearing date, which was denied; the hearing was continued to

August 31, 2017, due to Petitioner's husband's hospitalization; and Petitioner's subsequent motion for continuance was requested several days before the second hearing date. [MIO 3] Thus, Petitioner contends that she only moved for two continuances; other continuances were on the part of the court and Defendant Carlos Villanueva; since Defendant had his temporary restraining order extended for twenty-two days, he would not have been inconvenienced by the continuance; the judge's oral ruling indicated that Petitioner was being held responsible for the previous delays in the case; and Petitioner was not responsible for any of the delays since her only two requests were denied. [MIO 4-5] The judge apparently indicated that the case had been pending for two months and had been repeatedly continued and reset. [MIO 6] Regardless of whom the prior continuances were attributable to, the district court has the inherent power to control the movement of cases on its docket. *See Belser v. O'Cleireachain*, 2005-NMCA-073, ¶ 3, 137 N.M. 623, 114 P.3d 303 (recognizing "the inherent authority of the district court to manage the cases before it"). Consequently, we cannot conclude it was an abuse of discretion to deny Petitioner's motion for continuance. Insofar as Petitioner asserts the outcome would have been different had she been allowed a continuance to obtain counsel [MIO 3], "[a]n assertion of prejudice is not a showing of prejudice." *State v. Leon*, 2013-NMCA-011, ¶ 41, 292 P.3d 493 (internal quotation marks and citation omitted).

3

**{4}** Insofar as Petitioner sought to have another party join the underlying action because she alleged both parties acted in concert [MIO 14], we conclude there was no error. The rules of civil procedure provide for the circumstances under which a party is properly joined in an action. *See* Rule 1-024 NMRA (providing the rules for permissive joinder); Rule 1-019 NMRA (providing for joinder of indispensable party needed for just adjudication); Rule 1-021 NMRA ("Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just."). It does not appear from the record that the other party sought to intervene. *See* Rule 1-024(B) (allowing for anyone to intervene in an action upon timely application). Nevertheless, the district court retains discretion in the application of these rules, and we cannot conclude that the district court's decision was "clearly contrary to the logical conclusions demanded by the facts and circumstances of the case." *Sims v. Sims*, 1996-NMSC-078, ¶ 65, 122 N.M. 618, 930 P.2d 153; *see also* Rule 1-024(B) (recognizing the district court's discretion in allowing permissive intervention); *see Gallegos v. Pueblo of Tesuque*, 2002-NMSC-012, ¶ 39, 132 N.M. 207, 46 P.3d 668 ("The question of indispensability is a factual question that the district court determines, and the district court decides, in its discretion, whether the suit can continue without a specific party." (internal quotation marks and citation omitted)).

4

**{5}** Petitioner continues to argue that the district court erred by precluding her from reading a prepared written statement to present her case where she prepared the written statement and it was from memory. [MIO 14] It appears the district court judge declined to let Petitioner read her written statement and use her notes because she had to give her testimony from memory. [Id.] We conclude that the district court did not abuse its discretion in this regard. *See State v. McDaniel*, 2004-NMCA-022, ¶ 6, 135 N.M. 84, 84 P.3d 701 ("[I]t is within the court's discretion to control the order of witnesses, mode of interrogating witnesses, and presentation of evidence") *see also* Rule 11-611 NMRA (describing the purpose for the court's exercise of reasonable control over the manner and order of questioning witnesses and presenting evidence).

**{6}** To the extent Petitioner argues that the district court erred in limiting the testimony of Petitioner's witness, Petitioner does not state the basis for the district court's apparent ruling. [MIO 13] *See Campos Enters. v. Edwin K. Williams & Co.*, 1998-NMCA-131, ¶ 12, 125 N.M. 691, 964 P.2d 855 (stating that an appellate court reviews only matters that were presented to the trial court). Nevertheless, the district court has broad discretion in evidentiary matters and admitting only relevant evidence. *See Griffin v. Guadalupe Med. Ctr., Inc.*, 1997-NMCA-012, ¶ 14, 123 N.M. 60, 933 P.2d 859 ("The determination of relevancy, as well as materiality, rests largely within

the discretion of the trial court."). Thus, we conclude that Petitioner has not met her burden of demonstrating that the district court erred. *Farmers, Inc. v. Dal Mach. & Fabricating, Inc.*, 1990-NMSC-100, ¶ 8, 111 N.M. 6, 800 P.2d 1063 ("The presumption upon review favors the correctness of the trial court's actions. Petitioner must affirmatively demonstrate its assertion of error.").

{7}     Lastly, Petitioner does not respond to this Court's proposed disposition concerning the district court's asserted exclusion of evidence in the form of texts, voice mails, copies of emails, and copies of blogs. [CN 4-5] Therefore, that issue is deemed abandoned. *See State v. Johnson*, 1988-NMCA-029, ¶ 8, 107 N.M. 356, 758 P.2d 306 (stating that when a case is decided on the summary calendar, an issue is deemed abandoned when a party fails to respond to the proposed disposition of that issue).

{8}     For all of these reasons and those stated in the calendar notice, we affirm.

{9}     **IT IS SO ORDERED.**

_____
**LINDA M. VANZI, Chief Judge**

**WE CONCUR:**

_____
**STEPHEN G. FRENCH, Judge**

_____
**HENRY M. BOHNHOFF, Judge**