This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-40903**

**RUTH GARCIA ARAGON,**

Plaintiff-Appellant,

v.

**FORREST BRUNSON; BRUNSON
ELECTRICAL; and BRECCO, INC,**

Defendants-Appellees.

**APPEAL FROM THE DISTRICT COURT OF LINCOLN COUNTY**
**Daniel A. Bryant, District Court Judge**

Marshall Law, P.C.
Stephen R. Marshall
Albuquerque, NM

King Law Firm
Ian F. King
Albuquerque, NM

for Appellant

Civerolo, Gralow & Hill
Justin L. Robbs
Hannah R. Jiacoletti
Albuquerque, NM

The Law Offices of Montoya & Murphy-Kollar
Gino L. Montoya
Oklahoma City, OK

for Appellees

**MEMORANDUM OPINION**

**MEDINA, Judge.**

**{1}** Plaintiff Ruth Aragon appeals the district court's order dismissing her complaint against Defendants Forrest Brunson (individually), Brecco, Inc., and Brunson Electrical because Plaintiff failed to serve Defendants with reasonable diligence under Rule 1-004(C) NMRA. Plaintiff argues that the district court erred because (1) Plaintiff served the complaint within a reasonable time after the statute of limitations expired; and (2) Defendants were not prejudiced by the delay in service. Plaintiff also argues that the district court's decision denied her equal protection under the law by improperly limiting her access to the court system. We affirm.

**BACKGROUND**

**{2}** This case arises from an alleged car accident in Alamogordo, New Mexico between Plaintiff and Defendant Brunson in June 2019. Plaintiff alleged various negligence-based personal injury claims against Defendant Brunson and claims of vicarious liability against Defendant Brecco, Inc. and Defendant Brunson Electrical. Before filing her complaint, Plaintiff sent Defendants a demand letter in an attempt to resolve the matter without litigation. The parties did not come to a resolution, and Plaintiff filed her complaint on June 10, 2021. Plaintiff did not obtain a summons or attempt to serve any of the Defendants after filing the complaint. According to Defendants, neither Plaintiff nor her counsel informed them or their insurers that she filed the complaint.

**{3}** The case remained inactive for approximately six months. On December 9, 2021, Plaintiff's counsel withdrew, Plaintiff's new counsel simultaneously entered his appearance, and the district court entered an order requiring in part that Plaintiff serve each Defendant with the summons and the complaint. Defendants hired counsel in April 2022 to represent them and discover "what was going on with this case." Defendants' counsel looked at the court docket and discovered that new counsel had entered an appearance on behalf of Plaintiff, and on April 4, 2022, counsel for Defendants emailed Plaintiff's new counsel asking whether they had served the complaint on Defendants. Plaintiff's counsel did not respond until June 21, 2022, when Plaintiff asked whether defense counsel could accept service on behalf of the Defendants. Defendant's counsel replied that he would have to confer with Defendants. The statute of limitations ran on Plaintiff's claims on June 13, 2022—three years after the alleged accident. *See* NMSA 1978, § 37-1-8 (1976) (stating that actions "for an injury to the person" must be brought "within three years"). Plaintiff served Defendants with the complaint on June 30, 2022, slightly over a year after the complaint had been filed.

**{4}** On August 1, 2022, all three Defendants moved to dismiss Plaintiff's complaint under Rule 1-012(B)(5) (insufficiency of service of process) and (B)(6) NMRA (failure to state a claim). Defendants argued that Plaintiff failed to serve Defendants with reasonable diligence, and Plaintiff's claims had already expired because the failure to serve did not toll the statute of limitations. Defendants attached an April 4, 2022 email, as an exhibit to their motion to dismiss in which defense counsel asked Plaintiff's new

counsel whether Plaintiff had served Defendants and, if so, to provide the service information.

**{5}** Plaintiff responded that service was timely because service may take place within a period of time that includes the length of the statute of limitations plus a reasonable time thereafter. Plaintiff argued the timing was reasonable and Defendants' motion should be denied because Plaintiff served Defendants less than one month after the statute of limitations expired. Defendants replied that the actual issue was not the timeliness of service, but whether Plaintiff exercised diligence in attempting service under Rule 1-004(C)(2) (stating that service of process "shall be made with reasonable diligence").

**{6}** During a hearing on the motion, Defendants argued that Plaintiff failed to demonstrate an intent to pursue her claims because Plaintiff did not attempt to serve Defendants for more than a year after filing the complaint and during that time Plaintiff made no attempt to contact Defendants other than to ask if Defendants' attorney would accept service. Defendants argued they suffered both factual and procedural prejudice by the delay, pointing out that witnesses memories had faded, documents relating to the incident had become unavailable, and the scene of the accident has since changed. Procedurally, Defendants argued that Plaintiff's delay forced Defendants to lose the option to remove the case to federal court under diversity jurisdiction and forced Defendants to lose the ability to exercise a preemptory excusal against the assigned district court judge in state court. Plaintiff reiterated her arguments from her briefing: a defendant need only be served within a reasonable time of the end of the statute of limitations, and case law did not support Defendants' prejudice argument because Defendants were aware of a potential lawsuit from the prefiling negotiations.

**{7}** At the conclusion of the hearing the district court found that the statute of limitations was not tolled by the mere filing of the complaint stating,

> At about a year after the incident occurred, the court finds that after the filing of the complaint, nothing was happening in this case. There were no communications between the parties, no conversations between counsel, no [inaudible] discussion of whether or not the parties would agree that the statute of limitations should be tolled [inaudible] to give opportunity to negotiate. No summons was issued, no action was taken so the court finds that in fact, the statute of limitations was not tolled and that the step necessary to toll the statute of limitations, service of process on the Defendants did not occur until after the statute of limitations.

The district court entered an order, finding: (1) "Plaintiff filed her complaint on June 10, 2021"; (2) "[a]fter filing, Plaintiff failed to obtain a summons or make any attempt to serve until June 21, 2022"; (3) "Plaintiff was aware of the lack of service"; and (4) "Plaintiff had the information necessary to locate and serve Defendants." The district court concluded that "[a]ccordingly, because Plaintiff did not exercise reasonable

diligence in prosecution of her suit, the statute of limitations was not tolled by the filing of Plaintiff's complaint on June 10, 2021." This appeal followed.

**DISCUSSION**

**{8}** Plaintiff argues that we should review the district court's order de novo. Contrary to Plaintiff's framing of the issue as to whether the complaint was barred by the statute of limitations, Defendants' arguments and the district court's order are based on whether Plaintiff served Defendants with reasonable diligence as required by Rule 1-004(C)(2). *See Prieto v. Home Educ. Livelihood Program* (*H.E.L.P.*), 1980-NMCA-114, ¶ 12, 94 N.M. 738, 616 P.2d 1123 (holding that the district court "in the exercise of its inherent power and in its discretion, independent of statute, may dismiss a case for failure to prosecute when it is satisfied that plaintiff has not applied due diligence in the prosecution of [their] suit"). "A district court's determination that a plaintiff failed to act with reasonable diligence under Rule 1-004(C)(2), and whether the complaint should be dismissed as a result, is reviewed only for abuse of discretion." *Murphy v. Lash*, 2024-NMCA-031, ¶ 18, ___ P.3d ___ (A-1-CA-39628, Oct. 26, 2023). The district court's determination of whether a plaintiff exercised reasonable diligence is "based on a standard of objective reasonableness." *Id.* (internal quotation marks and citation omitted).

**{9}** Here, the district court found that "Plaintiff failed to obtain a summons or make any attempt to serve [Defendants] until June 21, 2022[,]" even though "Plaintiff filed her complaint on June 10, 2021." Based on our review of the record, we agree. Plaintiff provided no reasoning, explanation, or justification for the delay in service in either her response to Defendants' motion or at the motion hearing. Similarly, Plaintiff fails to explain the delay of service on appeal, instead focusing on whether service was reasonably timely only from the standpoint of the applicable statute of limitations. Plaintiff failed to provide the district court with facts regarding any attempts Plaintiff made to serve Defendants with the complaint prior to the expiration of the statute of limitations or explanation why Plaintiff made no such attempts despite Plaintiff's knowledge of Defendants' locations. *See id.* ¶ 19 (considering the circumstances before the district court when reviewing dismissal of a complaint under Rule 1-004(C)(2)). Simply put, Plaintiff provides no circumstances demonstrating the district court erred when it determined that "Plaintiff did not exercise reasonable diligence in prosecution of her suit."

**{10}** When a "[district] court determines that a plaintiff failed to exercise due diligence in serving process on a defendant, the court must exercise its discretion to determine whether the delay warrants dismissal of the complaint." *Romero v. Bachica*, 2001-NMCA-048, ¶ 23, 130 N.M. 610, 28 P.3d 1151. In the proceedings below, Defendants argued they were prejudiced by the delay in service because the delay harmed Defendants' factual investigation into the alleged accident and forced Defendants to forgo certain procedural, litigation options. Given these arguments, the district court's determination was not "clearly against the logic and effect of the facts and circumstances before the [district] court, or the reasonable, probable, and actual

deductions to be drawn from such facts and circumstances" necessary to find an abuse of discretion. *Martinez v. Segovia*, 2003-NMCA-023, ¶ 29, 133 N.M. 240, 62 P.3d 331 (internal quotation marks and citation omitted). Therefore, we hold that the district court did not abuse its discretion by granting Defendants' motion to dismiss for failure to serve with reasonable diligence.

**{11}** Finally, Plaintiff contends that the district court's decision violated her equal protection rights by creating two classes of plaintiffs—those that file early to preserve their claims and those that do not. This argument was not preserved at the district court and is underdeveloped in Plaintiff's briefing on appeal. Therefore, we decline to address this argument further. *See Corona v. Corona*, 2014-NMCA-071, ¶ 28, 329 P.3d 701 ("This Court has no duty to review an argument that is not adequately developed."); *ITT Educ. Serv., Inc. v. Taxation & Revenue Dep't*, 1998-NMCA-078, ¶ 10, 125 N.M. 244, 959 P.2d 969 (stating that this Court will not consider propositions that are unsupported by citation to authority); *State v. Leon*, 2013-NMCA-011, ¶ 33, 292 P.3d 493 ("We generally do not consider issues on appeal that are not preserved below." (internal quotation marks and citation omitted)).

**{12}** Further, we observe that this Court has previously discussed at length the district court's inherent authority to control and manage its own docket and the cases before it, including dismissing cases because a plaintiff has failed to prosecute a case. *Prieto*, 1980-NMCA-114, ¶ 12; *see also Belser v. O'Cleireachain*, 2005-NMCA-073, ¶ 3, 137 N.M. 623, 114 P.3d 303 (recognizing a district court's inherent authority to manage cases before it); *Pizza Hut of Santa Fe, Inc. v. Branch*, 1976-NMCA-051, ¶ 8, 89 N.M. 325, 552 P.2d 227 (stating that district courts have control over their dockets and inherent power to manage their own affairs to achieve the orderly and expeditious disposition of cases).

**CONCLUSION**

**{13}** For the forgoing reasons, we affirm the district court's order dismissing Plaintiff's complaint.

**{14}   IT IS SO ORDERED.**

**JACQUELINE R. MEDINA, Judge**

**WE CONCUR:**

**J. MILES HANISEE, Judge**

**KATHERINE A. WRAY, Judge**