This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

### IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-41473**

**JUANA TORRES TALLENT, Individually
and as Personal Representative of THE
ESTATE OF DAVID TALLENT, Deceased,**

Plaintiff-Appellant,

v.

**DORA GARCIA,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF VALENCIA COUNTY
James Lawrence Sanchez, District Court Judge**

Juana Torres Tallent
Los Lunas, NM

Pro Se Appellant

Griego & Guggino
Laurence P. Guggino, Jr.
Los Lunas, NM

for Appellee

### MEMORANDUM OPINION

**IVES, Judge.**

**{1}**   Plaintiff appeals an order of dismissal with prejudice that was entered on October 11, 2023. [RP 114-16] This Court issued a calendar notice proposing to summarily affirm. Plaintiff filed a memorandum, which we have duly considered. Unpersuaded that the district court committed reversible error, we affirm.

**{2}** Plaintiff's memorandum in opposition does not persuade us that this Court's proposed summary disposition was in error. The memorandum is difficult to discern, but to the extent Plaintiff is asking us to assess the facts and evidence presented below, we decline to do so. *See Las Cruces Pro. Fire Fighters v. City of Las Cruces*, 1997-NMCA-044, ¶ 12, 123 N.M. 329, 940 P.2d 177 (stating that "we will not reweigh the evidence nor substitute our judgment for that of the fact[-]finder"). As to Plaintiff's assertion that she was not given enough time to prove ownership of the real property that is the subject of this dispute, we conclude that this assertion would not establish reversible error, particularly in light of the district court's unchallenged finding that Plaintiff did not provide any admissible evidence establishing an interest in the property at issue in this case. *See Belser v. O'Cleireachain*, 2005-NMCA-073, ¶ 3, 137 N.M. 623, 114 P.3d 303 (noting that district courts have inherent authority to manage the cases that are before it). Lastly, Plaintiff asserts that she was not given "cor[r]ect representation." [MIO 4] To the extent Plaintiff is asserting she was entitled to legal representation, we note that because this is a civil case, she "does not have a right to appointed counsel." *Bruce v. Lester*, 1999-NMCA-051, ¶ 4, 127 N.M. 301, 980 P.2d 84. As such, we affirm for the reasons stated herein and in our notice of proposed disposition. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law.").

**{3}     IT IS SO ORDERED.**

**ZACHARY A. IVES, Judge**

**WE CONCUR:**

**MEGAN P. DUFFY, Judge**

**SHAMMARA H. HENDERSON, Judge**