Certiorari Denied, No. 31,697, June 17, 2009

IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

Opinion Number: 2009-NMCA-070

Filing Date: April 21, 2009

Docket No. 28,469

ANGELA R. PACHECO,

      Plaintiff-Appellee,

v.

ADAM J. COHEN, M.D.,

      Defendant-Appellant.


APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY
Daniel A. Sanchez, District Judge

Jones, Snead, Wertheim & Wentworth, P.A.
Jerry Todd Wertheim
Santa Fe, NM

for Appellee

McClaugherty & Silver, P.C.
Tamara R. Safarik
Joe L. McClaugherty
Santa Fe, NM

for Appellant

OPINION

VANZI, Judge.

{1}    In this medical malpractice action, we determine that Plaintiff's complaint was not barred by the limitation period set out by the Medical Malpractice Act (Act), NMSA 1978, Sections 41-5-1 to -29 (1976 as amended through 2008) (statute of repose) and that the three-

1

year limitation period found in NMSA 1978, Section 37-1-8 (1976) (general statute of limitations) stopped running at the time Plaintiff filed her original complaint in April 2006. Accordingly, we affirm the district court.

## I.    BACKGROUND

**{2}**    Defendant performed eye surgery on Plaintiff on April 28, 2003. On November 23, 2003, a different doctor undertook additional eye surgery and, at that time, according to Plaintiff, the second doctor discovered that the first surgery had been performed incorrectly by Defendant. On April 27, 2006, Plaintiff filed a complaint for personal injuries and medical malpractice, in which she alleged that Defendant's actions during the first surgery caused her injuries.

**{3}**    On the same date, April 27, Plaintiff applied to the Medical Review Commission (Commission) for review of her case. Under the Act, a plaintiff pursuing a malpractice action against a qualified healthcare provider must apply to the Commission for review and receive a decision before litigation may be pursued in district court. *See* § 41-5-15. At the time the complaint was filed in district court, Plaintiff believed that Defendant was not a qualified healthcare provider because it appeared that his insurance had lapsed, and the Commission confirmed this belief by letter on May 9, 2006. As a result, Defendant could receive none of the benefits of the Act—including the statute of repose. *See* § 41-5-5(C); *Cummings v. X-Ray Assocs. of N.M., P.C.*, 1996-NMSC-035, ¶ 54, 121 N.M. 821, 918 P.2d 1321.

**{4}**    During the proceeding in district court, however, Defendant's insurance company acknowledged that his coverage had been improperly cancelled. Defendant's coverage was reinstated for the period encompassing Plaintiff's injury. Due to the reinstatement, Defendant was a qualified healthcare provider at the time of the injury. *See* 41-5-5(A)(1). Based on Defendant's status as a qualified healthcare provider, on September 25, 2006, the parties entered into a stipulated order of dismissal. The district court dismissed the case without prejudice so that Plaintiff could pursue review with the Commission, pursuant to the Act. On March 22, 2007, the Commission issued a letter decision in favor of Defendant.

**{5}**    On June 8, 2007, Plaintiff filed a second complaint in district court against Defendant. Plaintiff voluntarily dismissed that complaint, and on June 29, 2007, she filed a motion to reinstate the original April 2006 complaint. The district court entered an order reinstating the complaint on March 20, 2008. This Court granted Defendant's application for interlocutory appeal.

## II.    DISCUSSION

**{6}**    Defendant raises two issues on interlocutory appeal: (1) whether the Act's statute of repose or the general statute of limitations applies to this proceeding where Defendant established that he is properly insured after Plaintiff filed her claim and where Plaintiff

voluntarily dismissed her claim in order to pursue the remedies available under the Act, and (2) whether the Act's statute of repose began to run again after Plaintiff received a ruling from the Commission and upon the conclusion of any tolling period permitted by the Act. Plaintiff responds by arguing that the district court properly employed its discretion to interpret the September 2006 order of dismissal in order to permit her to reinstate her original complaint within the general statute of limitations. We begin by addressing the appropriate standard of review.

## A.    Standard of Review

**{7}**    Plaintiff contends that because Defendant's appeal requires us only to evaluate the district court's interpretation of the September 2006 stipulated order of dismissal, we should review the March 2008 order of reinstatement for abuse of discretion. Defendant argues that because the parties do not dispute the factual development of the case, we should conduct a de novo review of the district court's application of the law to the facts.

**{8}**    Defendant's arguments are based on a legal question: does the general statute of limitations apply under these circumstances or the statute of repose? The general statute of limitations for personal injury actions states that "[a]ctions must be brought . . . for an injury to the person or reputation of any person, within three years." Section 37-1-8. Under this statute, the time period does not begin to run until a plaintiff "discovers, or reasonably should discover, the essential facts of his or her cause of action." *Cummings*, 1996-NMSC-035, ¶ 47. A different limitation period applies under the Act. Section 41-5-13 declares that "[n]o claim for malpractice arising out of an act of malpractice which occurred subsequent to the effective date of the [Act] may be brought against a health care provider unless filed within three years after the date that the act of malpractice occurred[.]" "This rule fixes the accrual date at the time of the act of medical malpractice even though the patient may be oblivious of any harm." *Cummings*, 1996-NMSC-035, ¶ 47.

**{9}**    Section 37-1-8 operates as a statute of limitations because it "begins to run when the cause of action accrues, the accrual date usually being the date of discovery." *Cummings*, 1996-NMSC-035, ¶ 49. This rule is referred to as the "discovery rule." *See id.* ¶ 47 (internal quotation marks omitted). Section 41-5-13, however, is a statute of repose because it "terminates the right to any action after a specific time has elapsed, even though no injury has yet manifested itself." *Cummings*, 1996-NMSC-035, ¶ 50.

**{10}**    The district court's March 2008 order is based on alternative findings. First, the district court found that Defendant was a non-qualified healthcare provider at the time of the filing of the complaint and, as a result, Defendant could not benefit from the Act's statute of repose; and the general statute of limitations in Section 37-1-8 applied to the proceeding. Second, the district court interpreted the September 2006 order of dismissal to secure Plaintiff's ability to proceed on her complaint outside of the Act. Because we conclude that the district court was within its discretion to so interpret the September 2006 order of dismissal, we need not reach Defendant's question regarding the applicable limitation period. Because we do not reach the statutory questions, we agree with Plaintiff that the appropriate standard for our review is whether the district court's March 2008 interpretation of the

3

September 2006 order constituted an abuse of discretion. *See Rhinehart v. Nowlin*, 111 N.M. 319, 327, 329, 805 P.2d 88, 96, 98 (Ct. App. 1990) (reviewing an order that vacated provisions of an earlier stipulated order for abuse of discretion).

## B.    The District Court's Orders

**{11}**    Plaintiff maintains that the district court reasonably interpreted the September 2006 order of dismissal (1) to solely permit Plaintiff to pursue a hearing before the Commission, and (2) to maintain the validity of Plaintiff's original complaint for statute of limitations purposes. As a result of this interpretation of the 2006 order of dismissal, Plaintiff argues that the statute of limitations stopped running in April 2006, when she filed the original complaint. Therefore, Plaintiff argues that there is no question that the cause of action was timely filed within either limitation period. We thus turn to the language of the district court's orders from September 2006 and March 2008.

### 1.    September 2006 and March 2008 Orders

**{12}**    The September 2006 stipulated order of dismissal stated that "[t]he claims against [Defendant] are dismissed without prejudice and solely for the purposes of permitting [Plaintiff] to exhaust her administrative remedies pursuant to the [Act]." In March 2008, the district court made findings regarding the September 2006 order of dismissal. Those findings include, in relevant part, the following:

> 6.    [Plaintiff] filed her complaint within [Section 37-1-8] and also sought reinstatement of that complaint within the time prescribed by [Section 41-5-22] on the tolling of the applicable statute of limitations upon submission of a cla[i]m for consideration by the . . . Commission.
> 7.    This [c]ourt . . . had dismissed this action in an interlocutory [s]tipulated [o]rder of [d]ismissal [p]ursuant to Rule 1-041(A)(2) [NMRA] on September 25, 2006, 'without prejudice and solely for the purposes of permitting [Plaintiff]' to go before the . . . Commission and obtain a decision of the . . . Commission. . . . The order in no way voided [Plaintiff's] complaint, nor did it modify the applicable statute of limitations. . . . In stipulating to the order, [Plaintiff] did not waive her rights to have her complaint remain effective for statute of limitations purposes pursuant to *Rupp v. Hurley*, 2002-NMCA-023, 131 N.M. 646, [41 P.3d 914 (filed 2001)]. The order existed, as it said, 'solely' to permit a hearing before a . . . Commission panel and a decision from that panel.

Plaintiff argues that the March 2008 interpretation of the September 2006 order was not an abuse of discretion, and we agree.

### 2.    Exercise of Discretion

**{13}**    "An abuse of discretion will be found when the [district] court's decision is clearly untenable or contrary to logic and reason." *Jolley v. Energen Res. Corp.*, 2008-NMCA-164,

¶ 24, 145 N.M. 350, 198 P.3d 376 (internal quotation marks and citation omitted), *cert. denied*, 2008-NMCERT-011, ___ N.M. ___, 202 P.3d 124.  Defendant argues that contrary to the findings in the March 2008 order of reinstatement, the September 2006 order contemplated that the parties stipulated that the Act in its entirety would apply to "all aspects of the litigation, including the statute of repose."  The district court's March 2008 interpretation of the September 2006 order, however, is based on quoted language from the September 2006 order, which stated that "[t]he claims against [Defendant] are dismissed without prejudice and solely for the purposes of permitting [Plaintiff] to exhaust her administrative remedies pursuant to the [Act]."  The September 2006 order of dismissal states that it is "solely" for the purposes of exhaustion of remedies, and it does not make any reference to the Act's statute of repose.  For that reason, the district court was within its discretion to read the September 2006 order to allow dismissal for a single purpose—to obtain review by the Commission—and not to apply the Act in its entirety.

**{14}**    In addition, it is well established that stipulations by the parties do not control the district court's management of its own docket. *Belser v. O'Cleireachain*, 2005-NMCA-073, ¶ 3, 137 N.M. 623, 114 P.3d 303 ("Unless otherwise indicated in the Rules of Civil Procedure, the court, not the parties, controls the movement of cases on its docket within its discretion.").  In *Belser*, the plaintiff argued that because the parties stipulated to certain provisions in an order granting a stay of proceedings, the district court only had the authority to recognize the parties' agreement and no authority to reasonably construe the order to lift the stay and dismiss the case. *Id.* ¶¶ 3-5.  This Court disagreed and held that "the district court had full and independent authority to act on its own with regard to a stay, and the parties invoked this authority by requesting a court order."  *Id.* ¶ 5.  Similarly, despite Defendant's arguments regarding the parties' understanding of the stipulations in the September 2006 order, the district court had the inherent discretion to manage the cases before it and reasonably construe the September 2006 order to control the movement of a case on its docket. *See id.* ¶ 3.  As a result, the district court did not abuse its discretion by reading the September 2006 order so that Plaintiff "did not waive her rights to have her complaint remain effective for statute of limitations purposes" by seeking an alternate remedy with the Commission.

**{15}**    Defendant also argues that another section of the September 2006 order demonstrates that Plaintiff was aware that the voluntary dismissal "would raise issues regarding the limitation period."  The September 2006 order states that "[f]or purposes of the tolling of the limitations period under the [Act], [Plaintiff's] complaint filed with the [Commission] is deemed to have been timely filed regardless of whether that body revives the original complaint or requires [Plaintiff] to file a new complaint."  This language, Defendant argues, demonstrates that the parties contemplated that the Act's limitations period would apply to the present litigation.  We are unpersuaded.

**{16}**    The district court could have reasonably interpreted the reference to the Act's tolling provision as something other than a condition of dismissal—the September 2006 order did not require Plaintiff to take action within the Act's statute of repose or even the tolling provision in order to reinstate her claim. *See Universal Constructors, Inc. v. Fielder*, 118 N.M. 657, 658-59, 884 P.2d 813, 814-15 (Ct. App. 1994) (explaining a conditional order of

5

dismissal).  As a result, the district court could conclude that Plaintiff was not required to comply with the tolling provision—much less the unreferenced statute of repose—before reinstating her complaint.  Nothing in this interpretation is contrary to logic and reason, and we therefore discern no abuse of discretion.  *See Paz v. Tijerina*, 2007-NMCA-109, ¶ 8, 142 N.M. 391, 165 P.3d 1167.

**{17}**  The conflicting reasonable interpretations of the language of the September 2006 order—Defendant's and the district court's—demonstrate that the order is ambiguous.  *See Wolcott v. Wolcott*, 101 N.M. 665, 669, 687 P.2d 100, 104 (Ct. App. 1984) (determining an order to be ambiguous because both parties could find support for their position in the language of the order).  With respect to the applicable limitation period, neither the intentions of the parties, nor the intentions of the issuing court, are clear from the language of the September 2006 order.  In addition, the September 2006 order was conditional because it required Plaintiff to seek review by the Commission in order to reinstate her claim.  It is well established that a conditional order, such as the September 2006 order, is interlocutory and the district court has "the authority to revise the order at any time prior to entry of a final judgment." *Universal Constructors, Inc.*, 118 N.M. at 659, 884 P.2d at 815.  As a result, the district court was well within its discretion to construe the September 2006 order of dismissal in order to give it effect.  In the March 2008 order, the district court noted that the order of dismissal was not a final order, that it was interlocutory, and thus, it was subject to review and interpretation by the court in order to "apply flexibly the procedures under the [Act] to avoid implicating [Plaintiff's] access to the courts."

**{18}**  This reading of the ambiguous September 2006 order of dismissal is in keeping with the policy of the New Mexico appellate courts:  In some cases, our courts are "flexible in allowing the plaintiffs' claims to proceed despite procedural irregularities for fear that plaintiffs' procedural bind would unconstitutionally deny them their day in court." *Chisholm v. Rueckhaus*, 1997-NMCA-112, ¶ 11, 124 N.M. 255, 948 P.2d 707.  For example, in *Otero v. Zouhar*, 102 N.M. 482, 697 P.2d 482 (1985), *overruled on other grounds by Grantland v. Lea Regional Hospital, Inc.*, 110 N.M. 378, 796 P.2d 599 (1990), our Supreme Court considered whether strict compliance with the Act's tolling provision, under the facts of that case, would serve the purpose of the Act.  *Otero*, 102 N.M. at 486, 697 P.2d at 486.  The *Otero* plaintiff had filed suit in district court against a qualified health care provider before filing an application for review with the Commission.  *Id.* at 485, 697 P.2d at 485.  The district court stayed the proceedings in order to allow the matter to proceed before the Commission.  *Id.* at 486, 697 P.2d at 486.  The *Otero* Court acknowledged that the proper procedure for the district court was, as the defendant argued, to have dismissed the cause of action without prejudice instead of issuing a stay.  *Id.* at 485, 697 P.2d at 485.  Nevertheless, the Court saw "no justice" in remanding the matter to the district court for entry of an order of dismissal because the time for the plaintiff to properly file a cause of action in district court had already expired.  *Id.*  The Court held that "strict adherence to the procedures required by the Act, without regard to the circumstances creating the procedural bind within which [the] plaintiff now finds himself as a result of the appellate process, would improperly elevate procedural considerations over [the] plaintiff's constitutional right to petition for redress of grievance." *Id.* at 485-86, 697 P.2d at 485-86.  Ultimately, the district court's order staying the proceedings achieved the "paramount intent" of the statute.  *Id.* at 486, 697

P.2d at 486.

**{19}** In the present case, we similarly see no justice in construing the September 2006 order to bar Plaintiff's complaint at this late date. Such an interpretation would disregard the circumstances of dismissal as articulated by the district court in the March 2008 order—that the order was conditioned solely on Plaintiff's pursuit of Commission review. The March 2008 order reinstating Plaintiff's complaint interpreted the September 2006 order in a manner that achieved the paramount intent of the Act: Plaintiff was permitted to obtain Commission review in order to prevent filing of non-meritorious malpractice lawsuits and to secure the opinion of experts. *Id.* at 486, 697 P.2d at 486 (citation omitted); *see Rupp*, 2002-NMCA-023, ¶ 20.

**{20}** Under other circumstances, this Court considered whether obtaining Commission review is a jurisdictional prerequisite to filing a medical malpractice claim in district court. *Id.* ¶ 1. Although the *Rupp* Court concluded that Commission review is a "mandatory procedural threshold," the Court continued and observed that "failure to comply with this requirement should not result in evisceration of the plaintiff's cause of action." *Id.* ¶ 21. *Rupp* recommended other, less drastic remedies, such as dismissal without prejudice. *Id.*

**{21}** We observe that in the present case, the September 2006 order followed the suggestion in *Rupp* and dismissed the case without prejudice so that Plaintiff could obtain Commission review. In March 2008, the district court interpreted any ambiguity in that September 2006 order to have facilitated the mandatory threshold requirement and to prevent the "evisceration" of Plaintiff's district court case. *Id.* The March 2008 order adheres to the policies set forth in cases like *Otero* and *Rupp* and, as a result, the district court did not abuse its discretion. *Jiron v. Mahlab*, 99 N.M. 425, 427, 659 P.2d 311, 312 (1983) ("[W]hen a plaintiff is required to resort to a state-created procedure, the procedure must not vitiate his right of access to the courts."); *see Chisholm*, 1997-NMCA-112, ¶¶ 10-11 (determining that although a father could not represent his son in a medical malpractice action, dismissal of the action, rather than remand for the appointment of an attorney, would unfairly limit the son's access to the courts because the statute of limitations had run).

**{22}** Because we conclude that the district court did not abuse its discretion by interpreting the March 2008 order to allow Plaintiff's claim, we do not further consider which limitation period would have applied to the circumstances of the present case absent the district court's March 2008 interpretation of the September 2006 order.

## III. CONCLUSION

**{23}** We affirm the district court.

**{24}** **IT IS SO ORDERED.**

 

 

                                             _____

                                             **LINDA M. VANZI, Judge**

**WE CONCUR:**


_____

**CYNTHIA A. FRY, Chief Judge**


_____

**MICHAEL D. BUSTAMANTE, Judge**

**Topic Index for** *Pacheco v. Cohen,* **No. 28,469**

| | |
|---|---|
| **CP** | **CIVIL PROCEDURE** |
| CP-DS | Dismissal |
| CP-SJ | Summary Judgment |
| CP-SL | Statute of Limitations |
| CP-TL | Time Limitations |
| | |
| **IN** | **INSURANCE** |
| IN-CA | Cancellation |
| | |
| **TR** | **TORTS** |
| TR-MM | Medical Malpractice |