**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**Opinion Number: 2011-NMCA-045**

**Filing Date: March 31, 2011**

**Docket No. 27,129**

**SHELLEY TRINOSKY,**

        **Petitioner-Appellant,**

**v.**

**PETER JOHNSTONE, as Personal Representative**
**of the estate of DONALD L. TRINOSKY, deceased,**

        **Respondent-Appellee.**

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Nan G. Nash, District Judge**

Kennedy & Han, P.C.
Paul J. Kennedy
Darin M. Foster
Albuquerque, NM

for Appellant

Law Office of Peter H. Johnstone, P.C.
Peter H. Johnstone
Albuquerque, NM

for Appellee

**OPINION**

**GARCIA, Judge.**

**{1}** This case raises the issue of whether NMSA 1978, Section 40-4-20(B) (1993) prohibits a district court from exercising its discretion in determining whether to grant a petitioner's motion to voluntarily dismiss a legal separation action pursuant to Rule 1-041(A)(2) NMRA following the death of a party to the action. Section 40-4-20(B) mandates that if a party to a pending legal separation action dies prior to entry of a final decree, the

1

district court "shall conclude" certain proceedings associated with the action "as if both parties had survived." Rule 1-041(A)(2) allows the district court to exercise its discretion in determining whether to grant a petitioner's motion to voluntarily dismiss an action. We determine that a district court may grant a motion for a voluntary dismissal in a legal separation action and conclude the proceedings consistent with Section 40-4-20(B). As a result, we reverse the district court's denial of Shelley Trinosky's (Wife's) motion to voluntarily dismiss the legal separation action and remand to the district court to exercise its discretion in determining whether to grant Wife's motion to dismiss. Because we reverse on this ground, we do not reach the remaining issues raised by Wife on appeal.

**BACKGROUND**

**{2}** Wife filed a petition for a legal separation, division of property, spousal support, and reasonable costs and attorney fees on July 16, 2002. Donald L. Trinosky (Husband) subsequently filed a response to Wife's petition and requested discovery, but Husband did not raise any counter-claims. On April 3, 2003, while the legal separation action was pending and prior to entry of a final decree, Husband died.

**{3}** Husband executed a Last Will and Testament prior to his death, and a separate probate action is pending that is not the subject of this appeal. On or about June 13, 2003, Husband's son, Kim S. Trinosky (Son), was originally appointed as the personal representative of Husband's estate. Peter H. Johnstone (Appellee) subsequently replaced Son as the personal representative of Husband's estate.

**{4}** On July 19, 2004, Wife filed a motion to voluntarily dismiss the legal separation action pursuant to Rule 1-041(A)(2). Wife alleged that prior to Husband's death, the parties held themselves out as husband and wife, Wife provided care to Husband until his death, and that they anticipated a reconciliation. Wife further argued that dismissal of the action would be just and proper, would serve the interests of judicial economy, and would save the parties substantial litigation costs. Additionally, Wife contended that since Husband had asserted no counterclaims, continuation of the legal separation action would serve no purpose but to deplete the assets of Husband's estate. In response, Son denied the majority of Wife's factual allegations and argued that "dismissing the action . . . would be contrary to the laws of the State of New Mexico which require the current proceeding . . . to be concluded as if [Husband] survived."

**{5}** At a hearing on September 23, 2004, Wife argued that she filed the petition for legal separation upon the advice of counsel as a result of other family tensions in order to preserve her interest in the marital estate. However, Wife testified that the parties never intended to "divorce," the parties considered themselves husband and wife throughout the entire marriage until Husband's death, and she did not wish to proceed with the legal separation action. Wife further argued that the district court had discretion to dismiss the action under Rule 1-041(A)(2) and that dismissal would not prejudice Husband. Wife contended that she was not asking the district court to abate the proceedings in violation of Section 40-4-20(B),

2

but that as part of the continuing litigation, Wife was moving to voluntarily dismiss the petition as if Husband were still alive.

**{6}** In response, Son argued that Section 40-4-20(B) mandated the conclusion of the proceedings and that the district court had no discretion to grant dismissal of the action under Rule 1-041(A)(2). Son also disputed Wife's allegation that the parties intended to reconcile.

**{7}** Although the district court briefly questioned the parties regarding whether dismissal would prejudice Husband, the district court ultimately denied the motion to dismiss on grounds that Section 40-4-20(B) controlled and mandated continuation of the proceedings.

**{8}** At a subsequent hearing, the district court considered whether to grant an interlocutory appeal regarding the potential conflict between Section 40-4-20(B) and Rule 1-041(A)(2). Ultimately, the district court issued a memorandum order explaining its denial of Wife's motion to dismiss and determining that the proceedings would continue to trial. The district court recognized that the use of the term "shall" in Section 40-4-20(B) conveyed an express duty on the district court and ultimately concluded that the court "must proceed pursuant to . . . Section 40-4-20(B) to finalize the division of the community property pursuant to the requested legal separation."

**{9}** Following a trial on the merits, the district court ultimately entered a decree granting a legal separation, awarding spousal support, dividing community property, and awarding attorney fees on August 30, 2006. The court stayed execution of the judgment pending this appeal. Wife subsequently raised seven issues on appeal, including whether the district court abused its discretion by denying her motion for voluntary dismissal pursuant to Rule 1-041(A)(2).

**DISCUSSION**

**{10}** Wife argues that the district court abused its discretion in denying her motion to voluntarily dismiss this action pursuant to Rule 1-041(A)(2). Specifically, Wife contends that the court erred by interpreting Section 40-4-20(B) to "override" Rule 1-041(A)(2) and mandate the continuance of the proceedings. Wife further contends that the district court failed to determine whether dismissal of the action would adversely affect the rights of the opposing party pursuant to Rule 1-041(A)(2), and that absent such a determination, the district court abused its discretion by denying the motion to dismiss.

**Statutory Interpretation of Section 40-4-20(B)**

**{11}** We first determine whether Section 40-4-20(B) precludes voluntary dismissal under Rule 1-041(A)(2) as a means of concluding the proceedings associated with a legal separation action after the death of one of the parties. "The meaning of language used in a statute is a question of law that we review de novo." *United Rentals Nw., Inc. v. Yearout Mech., Inc.*, 2010-NMSC-030, ¶ 7, 148 N.M. 426, 237 P.3d 728 (internal quotation marks

3

and citation omitted). "In construing a statute, our charge is to determine and give effect to the Legislature's intent." *Marbob Energy Corp. v. N.M. Oil Conservation Comm'n*, 2009-NMSC-013, ¶ 9, 146 N.M. 24, 206 P.3d 135. Pursuant to the Uniform Statute and Rule Construction Act, "[t]he text of a statute or rule is the primary, essential source of its meaning." NMSA 1978, § 12-2A-19 (1997). As a result, we first examine "the plain language of the statute, giving the words their ordinary meaning, unless the Legislature indicates a different [meaning] was intended." *N.M. Indus. Energy Consumers v. N.M. Pub. Reg. Comm'n*, 2007-NMSC-053, ¶ 20, 142 N.M. 533, 168 P.3d 105. "[W]hen a statute contains language which is clear and unambiguous, we must give effect to that language and refrain from further statutory interpretation." *Truong v. Allstate Ins. Co.*, 2010-NMSC-009, ¶ 37, 147 N.M. 583, 227 P.3d 73 (internal quotation marks and citation omitted). "Only if an ambiguity exists will we proceed further in our statutory construction analysis." *Marbob Energy Corp.*, 2009-NMSC-013, ¶ 9.

**{12}**    Section 40-4-20(B) provides in pertinent part that, upon the filing and service of a petition for separation, division of property or debt, or spousal support,

> if a party to the action dies during the pendency of the action, but prior to the entry of a decree granting . . . separation, . . . the proceedings for the determination, division and distribution of marital property rights and debts, distribution of spousal or child support or determination of paternity shall not abate. The court shall conclude the proceedings as if both parties had survived.

**{13}**    "By enacting Section 40-4-20(B), the Legislature departed from the common law rule that a pending divorce action abates when a party to the action dies before the entry of a final divorce decree." *Oldham v. Oldham*, 2011-NMSC-007, ¶ 13, ___ N.M. ___, 247 P.3d 736. Under the common law rule of abatement, if a party to a dissolution action died before the entry of a final decree, the proceedings terminated as a matter of law and the court was divested of jurisdiction over the matter, including jurisdiction over any property rights. *Karpien v. Karpien*, 2009-NMCA-043, ¶ 6, 146 N.M. 188, 207 P.3d 1165. Similarly, under the common law rule of abatement, if a party to a legal separation action died prior to entry of a final decree, the court was divested of jurisdiction over the matter. *See, e.g., Cregan v. Clark*, 658 S.W.2d 924, 927 (Mo. App. 1983) (reasoning that either an action for dissolution of marriage or legal separation abates upon the death of one of the parties prior to final judgment).

**{14}**    Section 40-4-20(B) departs from the common law rule of abatement by expressly providing that "*if* a party to [a divorce or separation] action dies during the pendency of the action, . . . the proceedings for the determination, division and distribution of marital property rights and debt, distribution of espousal or child support or determination of paternity *shall not abate*." (Emphasis added.) "If" is defined as "[i]n the event that[,]" "[g]rant[ed] that[,]" or "[o]n the condition that[.]" *American Heritage Dictionary of the English Language* 872 (4th ed. 2000). Moreover, as defined by the Uniform Statute and

Rule Construction Act, the words "'shall not' prohibit the exercise of a power, authority, privilege or right." NMSA 1978, § 12-2A-4(C) (1997). Finally, "abatement" is defined as (1) "[t]he act of eliminating or nullifying" and (2) "[t]he suspension or defeat of a pending action for a reason unrelated to the merits of the claim." *Black's Law Dictionary* 3 (9th ed. 2009).

**{15}** We interpret Section 40-4-20(B) to prohibit the abatement of the specific types of proceedings listed in Subsection (B) as a result of the death of one of the parties. In contrast to the common law rule, Section 40-4-20(B) provides that the death of one of the parties to a divorce or separation action does not divest a domestic relations court of jurisdiction over proceedings for the division of marital property, distribution of support, and determination of paternity. *See Oldham*, 2011-NMSC-007, ¶ 25 (reasoning that the domestic relations court retains jurisdiction to conclude the three specific tasks of dividing and distributing marital property and debts, distributing espousal and child support, and determining paternity after the death of one of the parties).

**{16}** Section 40-4-20(B) further provides that the domestic relations court "*shall conclude the proceedings as if both parties had survived.*" (Emphasis added.) The use of the word "shall" mandates conclusion of the proceedings for the division of property, distribution of support, and determination of paternity. *See Oldham*, 2011-NMSC-007, ¶ 32 (determining that "[c]oncluding a Section 40-4-20(B) property division is mandatory"); *see also Marbob Energy Corp.*, 2009-NMSC-013, ¶ 22 (explaining that the word "'shall' indicates that [a] provision is mandatory").

**{17}** If both parties had survived, a *conclusion* of the proceedings associated with the legal separation action could have been effected through a variety of different means, including but not limited to a judgment following a trial on the merits, a decree incorporating a marital settlement agreement, or a voluntary dismissal of the action. *See, e.g., Karpien*, 2009-NMCA-043, ¶¶ 1-3 (reviewing a judgment regarding the division of property following a trial on the merits in a divorce action); *Edens v. Edens*, 2005-NMCA-033, ¶¶ 1, 14, 137 N.M. 207, 109 P.3d 295 (reviewing a judgment reached through the district court's incorporation of a marital settlement agreement into a final divorce decree); *Becenti v. Becenti*, 2004-NMCA-091, ¶¶ 9, 14, 136 N.M. 124, 94 P.3d 867 (reasoning that a petitioner's voluntary dismissal of a divorce action terminates a court's jurisdiction over the matter and precludes reinstatement of the action).

**{18}** Furthermore, voluntary dismissal under Rule 1-041(A)(2) would have been one permissible means of concluding the proceedings associated with the legal separation action if both parties had survived. Pursuant to Rule 1-041(A)(2), a district court may in its discretion grant a petitioner's motion to voluntarily dismiss an action after an answer or other responsive pleading has been filed. *See* Rule 1-041(A)(2) (providing that after an answer or other responsive pleading has been filed, a district court may on motion of the plaintiff order voluntary dismissal "upon such terms and conditions as the court deems proper"); *see also* Rule 1-041(F) (stating that Rule 1-041 is applicable to all civil cases filed

5

in district court with several inapplicable exceptions); *see also Pacheco v. Cohen*, 2009-NMCA-070, ¶¶ 12-14, 17, 146 N.M. 643, 213 P.3d 793 (reasoning that the district court had the discretion to grant a voluntary motion to dismiss a civil action under Rule 1-041(A)(2) and subsequently reinstate that action pursuant to the conditions for the voluntary dismissal).

{19}    Section 40-4-20(B) does not limit any of the subsequent means of concluding the proceedings beyond its prohibition of abatement of the proceedings based upon the death of one of the parties. We "will not read into a statute or ordinance language which is not there, particularly if it makes sense as written." *High Ridge Hinkle Joint Venture v. City of Albuquerque*, 1998-NMSC-050, ¶ 5, 126 N.M. 413, 970 P.2d 599 (internal quotation marks and citation omitted). As a result, we determine that Section 40-4-20(B) does not preclude voluntary dismissal under Rule 1-041(A)(2) as a means of *concluding* the proceedings associated with a legal separation action after the death of one of the parties.

**Denial of Motion for Voluntary Dismissal Under Rule 1-041(A)(2)**

{20}    We next examine whether the district court abused its discretion in denying Wife's motion for voluntary dismissal pursuant to Rule 1-041(A)(2). Wife argues that absent sufficient evidence or findings that dismissal would prejudice the opposing party, the district court abused its discretion by denying her motion to dismiss. Wife further contends that the district court abused its discretion by misapprehending Section 40-4-20(B) to mandate continuance of the proceedings and "override" Rule 1-041(A)(2).

{21}    Rule 1-041(A)(2) provides that after service of an answer or other responsive pleading by the opposing party, "an action shall not be dismissed on motion of the plaintiff except upon order of the court and upon such terms and conditions as the court deems proper." If, however, a counterclaim, cross-claim, or third-party claim was filed prior to service of the motion to dismiss, "the action shall not be dismissed against the party's objection unless the counterclaim, cross-claim or third-party claim can remain pending for independent adjudication by the court." *Id.* Because no counterclaim, cross-claim, or third-party claim was filed in this case, the portion of the rule relating to objections of another party is inapplicable.

{22}    Initially, we note the limited precedent interpreting Rule 1-041(A)(2). Wife relies on *Andrews v. French*, 17 N.M. 615, 615, 131 P. 996, 996 (1913), which states the common law rule that "[a] party usually has the right to discontinue any action or proceeding instituted by him, unless substantial rights of other parties have accrued and injustice will be done them by permitting the discontinuance." In contrast, Husband relies on *Becenti*, 2004-NMCA-091, ¶¶ 7, 12, which interprets Rule 1-041(A)(1)(a) as a bright-line rule that allows a plaintiff to unilaterally dismiss a case before an answer or responsive pleading has been filed. In light of our limited precedent specifically interpreting Rule 1-041(A)(2), we look to interpretation of the federal counterpart of the rule for guidance. *See Becenti*, 2004-NMCA-091, ¶ 10 (looking to federal law for guidance in interpreting Rule 1-041(A)(1)(a) after recognizing that this Court may look to federal law for guidance in interpreting rules

of civil procedure identical to their federal counterparts); *see also* Fed. R. Civ. P. 41(a)(2) (providing that after service of an answer or motion for summary judgment, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court [deems] proper").

**{23}**   We review the district court's denial of Wife's motion to dismiss for an abuse of discretion. *See* Rule 1-041(A)(2) (granting the district court discretion to order a dismissal of an action upon motion of the plaintiff "upon such terms and conditions as the court deems proper"); *see also County of Santa Fe v. Pub. Serv. Co. of N.M.*, 311 F.3d 1031, 1047 (10th Cir. 2002) (stating that federal courts "review a district court's grant of a Rule 41(a)(2) motion for abuse of discretion"). "An abuse of discretion will be found when the [district] court's decision is clearly untenable or contrary to logic and reason." *Pacheco*, 2009-NMCA-070, ¶ 13 (alteration in original) (internal quotation marks and citation omitted). "A [district] court abuses its discretion when it exercises its discretion based on a misunderstanding of the law." *Chavez v. Lovelace Sandia Health System, Inc.*, 2008-NMCA-104, ¶ 25, 144 N.M. 578, 189 P.3d 711. Consequently, "[e]ven when we review for an abuse of discretion, our review of the application of the law to the facts is conducted de novo. Accordingly, we may characterize as an abuse of discretion a discretionary decision that is premised on a misapprehension of the law." *Id.* (internal quotation marks and citation omitted). Finally, we apply a de novo standard of review to the extent that we are required to interpret the rules of civil procedure. *Becenti*, 2004-NMCA-091, ¶ 6.

**{24}**   The federal counterpart to Rule 1-041(A)(2) "is designed primarily to prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions." *Brown v. Baeke*, 413 F.3d 1121, 1123 (10th Cir. 2005) (internal quotation marks and citation omitted). "Absent legal prejudice to the defendant, the district court normally should grant such a dismissal." *Ohlander v. Larson*, 114 F.3d 1531, 1537 (10th Cir. 1997) (internal quotation marks and citation omitted).

**{25}**   Legal "[p]rejudice does not arise simply because a second action has been or may be filed against the defendant." *Brown*, 413 F.3d at 1124. Instead, "prejudice is a function of other, practical factors including: [T]he opposing party's effort and expense in preparing for trial; excessive delay and lack of diligence on the part of the movant; insufficient explanation of the need for a dismissal; and the present stage of the litigation." *Id.* (internal quotation marks and citation omitted). "These factors are neither exhaustive nor conclusive[,]" and the district "court should be sensitive to other considerations unique to the circumstances of each case." *Id.* Moreover, "[e]ach factor need not be resolved in favor of the moving party for dismissal to be appropriate, nor need each factor be resolved in favor of the opposing party for denial of the motion to be proper." *Ohlander*, 114 F.3d at 1537. Rather, "[i]n reaching its conclusion, [t]he district court should endeavor to insure substantial justice is accorded to both parties, and therefore the court must consider the equities not only facing the defendant, but also those facing the plaintiff." *County of Santa Fe*, 311 F.3d at 1048 (second alteration in original) (internal quotation marks and citation omitted). Finally, we note that "the important factors in determining legal prejudice are those involving the parties,

not the court's time or effort spent on the case." *Ohlander*, 114 F.3d at 1537.

{26}    Here, it is unclear whether the district court exercised its discretion to determine whether dismissal would prejudice Husband and to consider the equities facing both parties. In response to Wife's argument that dismissal would not prejudice Husband and that no evidence of prejudice to Husband had been presented, the district court briefly questioned the parties regarding whether dismissal would prejudice Husband. However, Son argued that the district court had no discretion to determine whether to grant Wife's motion to dismiss because Section 40-4-20(B) mandated continuance of the proceedings. Moreover, neither the district court's verbal nor written findings and conclusions include any determination regarding whether dismissal would prejudice Husband or how granting or denying dismissal would affect the equities facing both parties. Instead, the district court's verbal and written findings indicate that the district court ultimately denied the motion to dismiss on grounds that Section 40-4-20(B) controlled and mandated that the court proceed to trial in order to finalize division of the community property.

{27}    Based on the record, it appears that the district court misapprehended Section 40-4-20(B) to prohibit the court from exercising any discretion in considering whether to grant Wife's motion for voluntary dismissal under Rule 1-041(A)(2). As a result, we reverse and remand to the district court to consider the above-listed factors and exercise its discretion in determining whether granting Wife's motion for voluntary dismissal would prejudice Husband. *See Ohlander*, 114 F.3d at 1537-38 (reasoning that a district court's failure to consider the applicable legal standard under the federal counterpart to Rule 1-041(A)(2) constitutes an abuse of discretion and may serve as a basis for remanding to the district court to apply the correct legal standard); *see also Gilmore v. Gilmore*, 2010-NMCA-013, ¶ 53, 147 N.M. 625, 227 P.3d 115 (remanding to the district court to reconsider its method of calculating a wife's interest in a husband's retirement benefits where the district court felt bound by what it believed was a statutory mandate and did not appear to exercise its discretion). Additionally, the district court should take into consideration the unique circumstances of this case, including recent guidance in *Oldham* regarding the interrelationship between domestic relations proceedings that continue under Section 40-4-20(B) and Husband's probate proceedings following his death. *See Oldham*, 2011-NMSC-007, ¶¶ 12-30. Finally, the district court should endeavor to accord substantial justice to both parties, considering the equities not only facing Husband, but also those facing Wife. *See County of Santa Fe*, 311 F.3d at 1048.

**CONCLUSION**

{28}    For the foregoing reasons, we reverse the district court's denial of Wife's motion for voluntary dismissal pursuant to Rule 1-041(A)(2) and remand to the district court for further proceedings consistent with this opinion.

{29}    **IT IS SO ORDERED.**

8

<strong>TIMOTHY L. GARCIA, Judge</strong>

**WE CONCUR:**

_____

**MICHAEL D. BUSTAMANTE, Judge**

_____

**MICHAEL E. VIGIL, Judge**

**Topic Index for _Trinosky v. Johnstone_, Docket No. 27,129**

| | |
|---|---|
| **CP** | **CIVIL PROCEDURE** |
| CP-MD | Motion to Dismiss |
| | |
| **DR** | **DOMESTIC RELATIONS** |
| DR-SE | Separation |
| | |
| **ST** | **STATUTES** |
| ST-IP | Interpretation |
| | |
| **WL** | **WILLS, TRUSTS AND PROBATE** |
| WL-NK | Next of Kin |
| WL-OH | Omitted Heirs |
| WL-VW | Validity of Will |
| WL-WC | Will Contest |