This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**HARLEY JOHN and**
**CHRISTINA PARKETT,**

Plaintiffs-Appellees,

v.                                             **No. 34,561**

**THE REHABILITATION CENTER**
**OF ALBUQUERQUE, LLC, CATHY CORREA,**
**and SKILLED HEALTHCARE, LLC,**

Defendants-Appellants,

**and**

**THE STATE OF NEW MEXICO,**
**NEW MEXICO DEPARTMENT OF**
**TRANSPORTATION,**

Defendant.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**Sarah M. Singleton, District Judge**

Guebert Bruckner, P.C.
Terry R. Guebert
Christopher J. DeLara
David C. Odegard
Albuquerque, NM

for Appellees

Rodey, Dickason, Sloan, Akin, & Robb, P.A.
Ellen Thorne Skrak
Valerie Denton
Jocelyn Drennan
Albuquerque, NM

for Appellants

**MEMORANDUM OPINION**

**GARCIA, Judge.**

{1}     This case is before us on the question of whether the district court erred in finding that the arbitration clause exception for small claims was substantively unconscionable as a matter of law and supported granting summary judgment. Harley John and his wife Christina Parkett (collectively Appellees) brought suit against the Rehabilitation Center of Albuquerque, LLC (RCA), and others (Appellants) alleging negligence related to the care of Harley John (John) while in the RCA facility. Appellants moved to compel arbitration in compliance with the arbitration agreement language (Arbitration Agreement) included in John's RCA admission paperwork. Appellees filed a motion for summary judgment arguing that the arbitration clause was substantively unconscionable. The district court agreed with Appellees and

2

granted summary judgment. We reverse in light of our Supreme Court's recent decision in *Dalton v. Santander Consumer USA, Inc.*, 2016-NMSC-035, 385 P.3d 619, and remand for further proceedings. In addition, we conclude that the district court did not err in refusing to consider a recent Tenth Circuit case arguing that substantive unconscionability is preempted in arbitration cases by federal law. We also find no error in the district court's ruling that Appellees did not waive their substantive unconscionability argument.

**BACKGROUND**

{2}      In August 2012, Appellees were traveling on State Road 371 when they lost control of the vehicle and it flipped off the road. John suffered a spinal cord injury that left him a quadriplegic. Following treatment at a hospital and two rehabilitation centers, John was transferred to RCA. After arriving, John signed admission agreement paperwork (Admission Agreement) that included the challenged Arbitration Agreement. The Arbitration Agreement explained that, by signing, both the facility and patient agreed to arbitrate all "[d]isputes," to be defined as:

> [A]ll disputed claims the [f]acility and [the r]esident may have against each other associated with this Arbitration Agreement, the relationship created by the Admission Agreement and/or the provision of services under the Admission Agreement, including all disputed claims arising out of or related to treatment or services provided by the [f]acility to [the r]esident, including disputed claims as to whether any services . . . were improperly, negligently[,] or incompetently rendered.

An exception to arbitration was made for "disputes" involving "claims for monetary damages that fall within the jurisdictional limit of New Mexico metropolitan, magistrate[,] or other small claims court[s]." This is commonly referred to as the "small claims carve-out" provision or the "small claims exception." *See Dalton*, 2016-NMSC-035, ¶¶ 17, 24; *Dalton v. Santander Consumer USA, Inc.*, 2015-NMCA-030, ¶ 16, 345 P.3d 1086, *rev'd* 2016-NMSC-035. The Arbitration Agreement also excluded from arbitration "claims related to eviction, transfer[,] or discharge of [the r]esident that are subject to a federal or state administrative hearing process." On August 26, 2013, after leaving the facility, Appellees filed suit against Appellants alleging negligence and negligence per se arising from John's care at RCA and Christina Parkett's asserted loss of consortium.

{3}     Appellants moved to dismiss and to compel arbitration of the claims based upon the Arbitration Agreement. Appellees raised the defense of unconscionability to enforcement of the Arbitration Agreement. Although the cited case law included both substantive and procedural unconscionability, Appellees urged the court to deny Appellants' motion on the basis of procedural unconscionability only. Appellants limited their response to Appellees' procedural unconscionability arguments. At a status conference, set to discuss scheduling an evidentiary hearing regarding the Arbitration Agreement and other issues, Appellants' counsel asked Appellees to

confirm that they would be arguing only procedural rather than substantive unconscionability at the future hearing. Appellees did so confirm.

{4}    Appellees subsequently filed a motion for summary judgment arguing that the Arbitration Agreement at issue was substantively unconscionable as a matter of law. In their response, Appellants attached an affidavit from the administrator of RCA claiming that the facility had never filed a lawsuit against a resident in small claims court since opening because to do so would be too costly. Appellants also argued that they should be afforded the opportunity to present evidence on the issue.

{5}    The district court granted Appellees' motion for summary judgment. The district court's order rejected Appellants' arguments that Appellees waived their substantive unconscionability argument and that the reasoning and holding from *THI of New Mexico at Hobbs Center, LLC v. Patton*, 741 F.3d 1162 (10th Cir. 2014) should apply over New Mexico precedent. The district court further cited several New Mexico cases supporting Appellees' argument that such a small claims exception is substantively unconscionable as a matter of law. The court wrote: "[T]he clause as written gives [Appellants] the right to choose litigation if it wishes in its most likely type of claims while requiring [Appellees] to arbitrate their most likely types of claims. Whether or not [Appellants] decide[] to bring suit or not does not do away with this inequality." The district court also denied Appellants' request for an

evidentiary hearing in order to present evidence showing that the arbitration clause, and included exceptions, was not substantively unconscionable in this particular case.

{6} This appeal followed. We requested supplemental briefing from the parties following our Supreme Court's recent decision in *Dalton*. 2016-NMSC-035. In light of the precedent established by *Dalton,* we reverse summary judgment and remand to the district court for further proceedings.

**DISCUSSION**

{7} On appeal, Appellants make three arguments.[1] Appellants argue that given their efforts to present evidence to the contrary, the district court erred by ruling that the Arbitration Agreement is substantively unconscionable as a matter of law and granting summary judgment. Appellants further contend the district court erred in ruling that Appellees had not waived their substantive unconscionability defense and that Appellants were not prejudiced as a result thereof. Lastly, Appellants argue that the district court erred in ruling the Appellees' substantive unconscionability defense was not preempted by federal law.

**I.      The Arbitration Agreement is Not Substantively Unconscionable as a Matter of Law**

---

[1]We discuss Appellants' arguments in an order that does not reflect the organization of their briefing.

**{8}** When the terms of a contract are "unreasonably favorable to one party while precluding a meaningful choice of the other party[,]" courts may render a contract or portions of a contract unenforceable under the equitable doctrine of unconscionability. *Cordova v. World Fin. Corp. of N.M.*, 2009-NMSC-021, ¶ 21, 146 N.M. 256, 208 P.3d 901; *see also* NMSA 1978, § 55-2-302(1) (1961) ("If the court as a matter of law finds the contract or any clause of the contract to have been unconscionable at the time it was made the court may refuse to enforce the contract, or it may enforce the remainder of the contract without the unconscionable clause, or it may so limit the application of any unconscionable clause as to avoid any unconscionable result."). Unconscionability is a legal question that we review de novo. *State ex rel. King v. B & B Inv. Grp., Inc.*, 2014-NMSC-024, ¶ 12, 329 P.3d 658. The doctrine incorporates both procedural and substantive unconscionability. *Cordova*, 2009-NMSC-021, ¶ 21. The only question before us on appeal is whether the arbitration clause is substantively unconscionable.

**{9}** Substantive unconscionability concerns the "legality and fairness of the contract terms themselves" and requires the court to analyze whether the terms are "commercially reasonable and fair, the purpose and effect of the terms, the one-sidedness of the terms, and other similar public policy concerns." *Id.* ¶ 22. Because unconscionability is an affirmative defense to contract enforcement, the party

claiming that defense bears the burden of proving that a contract or a portion of a contract should be voided as unconscionable. *Strausberg v. Laurel Healthcare Providers, LLC*, 2013-NMSC-032, ¶¶ 24, 39, 48, 304 P.3d 409. The burden of proving unconscionability refers only to "the burden of persuasion, i.e., the burden to persuade the fact[]finder[.]" *Id.* ¶ 24. The party bearing this burden need not make any "particular evidentiary showing and can instead persuade the fact[]finder that the terms of a contract are substantively unconscionable by analyzing the contract on its face." *Dalton*, 2016-NMSC-035, ¶ 8.

{10}    "[C]ontract provisions that unreasonably benefit one party over another are substantively unconscionable." *Id.* ¶ 9 (internal quotation marks and citation omitted). Our Supreme Court has found substantive unconscionability where the drafter of an arbitration agreement created "unilateral carve-outs that explicitly exempted any judicial remedies [the drafting party] was likely to need from mandatory arbitration while providing no such exemption for the [other party]."*Id.* ¶ 10. This Court further held two arbitration provisions in contracts in the health care industry to be unconscionable where the facilities excepted from arbitration collection and eviction proceedings. *See Figueroa v. THI of N.M. at Casa Arena Blanca, LLC*, 2013-NMCA-077, ¶ 1, 306 P.3d 480; *Ruppelt v. Laurel Healthcare Providers, LLC*, 2013-NMCA-014, ¶ 1, 293 P.3d 902. This Court reasoned in both cases that the

arbitration agreements were unfairly one-sided and substantively unconscionable. *Figueroa*, 2013-NMCA-077, ¶ 1; *Ruppelt*, 2013-NMCA-014, ¶ 1. However, we have never professed a "bright-line, inflexible rule that excepting from arbitration any claim most likely to be pursued by [the provision's] drafter will void the arbitration clause as substantively unconscionable." *Bargman v. Skilled Healthcare Grp., Inc.*, 2013-NMCA-006, ¶ 17, 292 P.3d 1. Instead, each case must be examined individually. *Id.*

{11}    In *Dalton*, our Supreme Court recently held that an arbitration clause provision that excepted from arbitration "small claims" of less than $10,000 was neither grossly unfair or unreasonably one-sided on its face. 2016-NMSC-035, ¶ 1. In *Dalton*, the plaintiff purchased two cars under separate sales contracts that allowed either party to compel arbitration of any claim or dispute arising out of the contracts that exceeded the jurisdiction of a small claims court—which at the time in New Mexico was $10,000. *Id.* ¶ 2. The plaintiff later filed a complaint related to the circumstances under which she purchased the vehicles. *Id*. ¶ 4. The defendant filed a motion to compel arbitration and the plaintiff opposed the motion, arguing, in part, that the arbitration clause was substantively unconscionable. *Id.* ¶ 5. The district court agreed with the plaintiff, as did this Court. *See Dalton*, 2015-NMCA-030, ¶ 2. Our Supreme Court reversed, reasoning that the arbitration provision as drafted and its carve-outs

9

did not "unambiguously benefit the drafting party alone[.]" *Dalton*, 2016-NMSC-035, ¶ 20. Furthermore, our Supreme Court was not persuaded that the carve-out allowing both parties access to small claims proceedings, "even if one party is substantially more likely to bring [a] small claims action[], is at all unfair." *Id.* ¶ 21.

{12}      In light of *Dalton*, we conclude that the small claims exception in the Arbitration Agreement is not substantively unconscionable. Here, the small claims exception in the Arbitration Agreement is nearly identical to that in *Dalton*. The clause excepts from arbitration those claims for monetary damages that "fall within the jurisdictional limit of New Mexico metropolitan, magistrate, or other small claims court[s]." Appellees argue that the small claims exception "reserves a judicial forum for the claims most likely to be brought by the nursing home, i.e., collections matters, while requiring residents to arbitrate the claims they are most likely to bring, i.e., claims for improperly, negligently or incompletely rendered treatment" and as such, the small claims exception is substantively unconscionable. However, *Dalton* appears to be definitive on the substantive unconscionability of such small claims exceptions. 2016-NMSC-035. Based upon several public policy principles, our Supreme Court held that the mere fact that one party is more likely to bring a small claims action than the other party, does not support the legal determination that the provision is unfair. *Id.* ¶ 21. It further held that there are "legitimate, neutral reasons . . . to exclude small

claims actions from arbitration, including streamlined pretrial and discovery rules, . . . and the cost-effectiveness of small claims actions compared to arbitration." *Id.* (internal quotation marks and citations omitted). As such, we interpret *Dalton* to hold that this type of bilateral small claims exception to arbitration is not substantively unconscionable. *See State ex rel. Martinez v. City of Las Vegas*, 2004-NMSC-009, ¶ 20, 135 N.M. 375, 89 P.3d 47 (stating that this Court is bound by our Supreme Court precedent); *State v. Wilson*, 1994-NMSC-009, ¶ 5, 116 N.M. 793, 867 P.2d 1175 (same). Accordingly, we reverse the grant of summary judgment by the district court.

**II.      Appellees Did Not Waive Their Substantive Unconscionability Argument**

{13}      "Waiver is the intentional abandonment or relinquishment of a known right." *Chavez v. Gomez*, 1967-NMSC-011, ¶ 14, 77 N.M. 341 423 P.2d 31. Insofar as the district court determined that Appellees did not orally waive their substantive unconscionability claim, we review that determination for an abuse of discretion. *See Pacheco v. Cohen*, 2009-NMCA-070, ¶¶ 12-14, 146 N.M. 643, 213 P.3d 793 (reviewing the district court's ruling for an abuse of discretion regarding whether the plaintiff did not waive a claim by her conduct).

{14}      Appellants argue that Appellees chose not to argue substantive unconscionability in their response to Appellants' motion to compel arbitration and that they relied upon Appellees' counsel's assertions that they would only address

11

procedural unconscionability at the evidentiary hearing. The district court found these arguments without merit, writing:

> The statement [by Appellees' counsel] was made in response to a question from the [district c]ourt which was asked to elicit information that would allow the [district c]ourt to schedule a hearing on the motion [to compel arbitration]. . . . The response that was given has to be taken within the context of whether a hearing was needed. . . . [Appellees have] always contended that the [A]rbitration [A]greement was unconscionable.

We perceive no basis for disturbing the district court's reasonable assessment of the facts and circumstances, in light of which Appellees' response was not regarded as an intentional waiver of their claim that the contract was substantively unconscionable. *See State v. Martinez*, 2002-NMSC-008, ¶ 74, 132 N.M. 32, 43 P.3d 1042 (Serna, C.J., dissenting) ("When a district court settles a dispute about what occurred in proceedings before it, the court's determination is conclusive unless intentionally false or plainly unreasonable, this [is] because ultimately the [d]istrict [c]ourt has direct knowledge of what the parties stated in the case and of what the [district c]ourt's own general procedures are." (alteration, internal quotation marks, and citation omitted)); *see also Archuleta v. Santa Fe Police Dep't. ex rel. City of Santa Fe*, 2005-NMSC-006, ¶ 30 n.4, 137 N.M. 161, 108 P.3d 1019 (finding no waiver of a party's argument where an informal discovery agreement was the alleged basis).

Therefore, we reject Appellants' assertion of error relative to the district court's ruling that Appellees waived their defense of substantive unconscionability.

**III.    Substantive Unconscionability Defense is Not Preempted by Federal Law**

{15}    Finally, Appellants argue that the district court erred in ruling that the Federal Arbitration Act (FAA), 9 U.S.C. §§ 1-6 (2012), does not preempt our state law analysis of substantive unconscionability as applied to arbitration clauses. "[F]ederal preemption is a legal question, which is reviewed de novo." *Hadrych v. Hadrych*, 2007-NMCA-001, ¶ 5, 140 N.M. 829, 149 P.3d 593.

{16}    Specifically, Appellants argue that a recent federal decision by the Tenth Circuit determined that our state courts are applying the unconscionability doctrine based on an impermissible "perceived inferiority of arbitration to litigation as a means of vindicating one's rights." *Patton*, 741 F.3d at 1169. Furthermore, Appellants contend that because our Supreme Court has not addressed the merits of *Patton*, we are not foreclosed from deciding that the district court erred in rejecting their argument under *Patton*.

{17}    However, our Supreme Court has held that New Mexico courts may invalidate arbitration agreements through the "generally applicable contract [defense]" of unconscionability without violation of the FAA. *See Strausberg*, 2013-NMSC-032, ¶ 52 (internal quotation marks and citation omitted); *Rivera v. Am. Gen. Fin. Servs.*,

13

*Inc.*, 2011-NMSC-033, ¶ 17, 150 N.M. 398, 259 P.3d 803. Although our Supreme Court has yet to consider the analysis put forth in *Patton*, we regard *Rivera* and other New Mexico case law as decisive on this issue. We are bound by our Supreme Court, as is the district court. *See State v. Dopslaf*, 2015-NMCA-098, ¶ 11, 356 P.3d 559 ("[A]ppeals in this Court are governed by the decisions of the New Mexico Supreme Court including decisions involving federal law[.]" (internal quotation marks and citation omitted)); *see also Dunning v. Buending*, 2011-NMCA-010, ¶ 11, 149 N.M. 260, 247 P.3d 1145 (stating that the Court of Appeals is bound by New Mexico Supreme Court precedent even when aspects of that precedent have been rejected by other authorities). Accordingly, we conclude that the district court did not err in rejecting Appellants' argument that *Patton* must be applied to the analysis of whether an arbitration exception at issue was substantively unconscionable.

**CONCLUSION**

{18}    For the foregoing reasons, we uphold the district court's rejection of federal preemption, reverse the summary judgment ruling on the substantive unconscionability of the Arbitration Agreement, and remand for further proceedings.

{19}    **IT IS SO ORDERED.**

_____

**TIMOTHY L. GARCIA, Judge**

14

**WE CONCUR:**

_____
**JAMES J. WECHSLER, Judge**

_____
**J. MILES HANISEE, Judge**